In re BURNS.

(Circuit Court, D. Massachusetts. May 24, 1898.)

ARMY—ENLISTMENT OF MINORS.
    Rev. St. § 1117, providing that no minor shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardian, prohibits such enlistment into the volunteer army.

Petition for Writ of Habeas Corpus.

Sewall C. Brackett, for petitioner.
Boyd B. Jones, U. S. Atty.

LOWELL, District Judge. This is a petition for a writ of habeas corpus, on which petition an order of notice has been issued. The facts are agreed as follows: Malachi G. Burns is the son of Malachi Burns, the petitioner. Malachi G. was born June 2, 1879, and on May 4, 1898, enlisted and was mustered into the Massachusetts volunteer

militia, Company C, 1st regiment, as a private. On May 9, 1898, he was mustered into the service of the United States volunteer army. On the above dates he was a citizen of Massachusetts. The petitioner and his wife did not consent to the enlistment or mustering in of Malachi G. The respondent was colonel of the 1st regiment Massachusetts volunteer militia, and is now colonel of the regiment in the volunteer army of the United States into which Malachi G. was mustered. The petition is based upon Rev. St. § 1117, which is as follows:

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control."

The district attorney contends that this section is applicable only to an enlistment or mustering into the regular army of the United States, of which regular army it is admitted that Malachi G. is not a member. Section 1117, which is a re-enactment of the act of congress of May 15, 1872 (17 Stat. 117), must, however, be read in connection with the third article of war (Rev. St. § 1342, art. 3) the material part of which is as follows:

"Every officer who knowingly enlists or musters into the military service any minor over the age of sixteen years without the written consent of his parents or guardians, or any minor under the age of sixteen years, * * * shall, upon conviction, be dismissed from the service, or suffer such other punishment as a court-martial may direct."

This third article of war is based, not only upon the statute of 1872, above cited, but also upon Act July 4, 1864, § 5, and Act March 3, 1865, § 18 (13 Stat. 380, 490), the material parts of which are as follows:

"If any officer of the United States shall enlist or muster into the military service any person under the age of sixteen years, with or without the consent of his parents or guardian, such person so enlisted or recruited shall be immediately discharged upon repayment of all bounties received, and such recruiting or mustering officer who shall knowingly enlist any person under sixteen years of age, shall be dismissed the service."

"Any officer who shall muster into the military or naval service of the United States * * * any minor between the ages of sixteen and eighteen years, without the consent of his parents or guardian, * * * shall, upon conviction by any court-martial, be dishonorably dismissed the service of the United States."

The titles, terms, and occasions of the acts of 1864 and 1865 prove conclusively that their provisions just quoted apply to an enlistment or to a mustering of certain classes of minors into the volunteer army of the United States, as then composed, as well as to the enlistment of such minors in the regular army. When the act of 1872 made it unlawful to "enlist or muster into the military service" any minor whatsoever without his parents' or guardian's consent, the words "military service" were used therein with the same meaning these words had borne in the similar and earlier statutes just cited. And so it is an offense, under the third article of war, alike to enlist or to muster into the regular army and into the volunteer army a minor without the consent required. If this act of the officer is a military offense under the third article of war, it would be absurd to construe

the identical words of the closely related section 1117 as applying only to the regular army. Both provisions apply alike to regulars and volunteers.

The opinion just expressed is confirmed by the use of the words "mustering into" in section 1117. Though this term is sometimes confused with "enlistment," yet it has some weight as an indication that a volunteer or militia force, rather than the regular army, is contemplated by its use. See 1 Winthr. Mil. Law, p. 760; 5 Stat. 9; 9 Stat. 60; 12 Stat. 274, 326, 339, 489, 620. It seems clear therefore, that section 1117 applies to the enlistment and mustering in of Malachi G. Burns. Most or all of the cases cited upon the brief of the district attorney were decided prior to the act of 1864, and are concerned with statutes of a scope quite different from that of section 1117.

The district attorney further contends that section 1117, if it originally applied to volunteers, has been restricted to the regular army by the act of congress of April 22, 1898. There is nothing in that act, however, to suggest an age limit in the volunteer army differing from that in the regular army. Moreover, there is no reference whatsoever in that act to the age of soldiers of "the army of the United States," so called, but only to the age of those persons who, as members of the "national forces," are liable to perform military duty when required by law to do so. These "national forces" obviously correspond to the enrolled militia of Rev. St. § 1625, and 1 Stat. 271, a force quite different from the "organized and active land forces of the United States" mentioned in section 2 of the act of April 22d, into which Malachi G. has been mustered. There is no indication that previous legislation upon the age limit is affected by the last-named act. If it be said that this construction of the statutes, which permits the parents or guardian of a minor to prevent his enlistment in the active military forces of the United States, unduly hampers the national government in the prosecution of the present war, it may be answered that the entire matter is within the control of congress, which can require military service from any citizen of the United States, whatever his age, and without the consent of any one. If the acts of 1864 and 1865, as amended by the act of 1872, are unwise, they can be repealed or modified at once.

Writ to issue.