## HOSKINS v. DICKERSON.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 3022.

1. MILITIA ☞8—ENLISTMENT—RIGHT OF PARENTS.

National Defense Act June 3, 1916, c. 134, § 27, 39 Stat. 185, declaring that no person under the age of 18 shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardian, providing that such minor has such parents or guardian entitled to his custody and control, applies to an enlistment in the National Guard called into the service of the United States, and is not applicable solely to enlistment in the regular army, though the section is found among provisions applicable to the regular army, the expression "enlisted or mustered into service of the United States" showing an intention of Congress that the section should apply to the National Guard, and hence the father of a minor under the age of 18 years, who without his written consent enlisted in the National Guard, is entitled to avoid the enlistment.

[Ed. Note.—For other cases, see Militia, Cent. Dig. §§ 14–18, 21.]

2. MILITIA ☞20—ENLISTMENT—MINORS—"DE FACTO SOLDIER"—"DE JURE SOLDIER."

Where a minor over 16 and under 18 years of age enlisted in the National Guard without the consent of his parents, such minor became a de facto and de jure soldier, subject to the jurisdiction of the military authorities and liable to be tried by a court-martial for a military offense, notwithstanding his parents exercised their right to avoid the enlistment.

[Ed. Note.—For other cases, see Militia, Cent. Dig. §§ 45–60.]

3. HABEAS CORPUS ☞16—ENLISTMENT IN ARMY—AUTHORITY OF COURT.

As Rev. St. § 761 (Comp. St. 1913, § 1289), commands the court, on hearing of the issues raised by petition for writ of habeas corpus and the return thereto, to dispose of the parties as law and justice require, the court will not, on habeas corpus brought by the parent of a minor over 16 and under 18 to avoid his enlistment in the National Guard, command his immediate surrender by the military authorities, where by reason of his enlistment he committed a military offense, but will allow his retention by the military authorities so that he may be punished by the proper military tribunal for the military offense; the court issuing the habeas corpus having no jurisdiction over such offense.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16.]

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Habeas corpus by J. H. Dickerson against George C. Hoskins to obtain the custody of petitioner's minor child. From a judgment directing respondent to immediately deliver the child to petitioner, respondent appeals. Reversed, with instructions.

J. W. George, U. S. Atty., and J. P. Alexander, Asst. U. S. Atty., both of Jackson, Miss., and Maj. S. T. Ansell, Judge Advocate, War Department, of Washington, D. C., for appellant.

William H. Watkins, of Jackson, Miss., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge.   On the 27th day of June, 1916, Otis Dickerson enlisted in the National Guard of the United States and of the state of Mississippi, and took the oath prescribed by section 70 of the National Defense Act of June 3, 1916.   At that time he was under the age of 18 years, having been born on October 16, 1898.   He had parents living who did not consent to his enlistment.   He was serving as a member of the regimental band of the First Mississippi Regiment of the United States Army, which was encamped near Jackson, Miss., when his father, the appellee, filed a petition for the writ of habeas corpus against Col. George C. Hoskins, the commanding officer of that regiment, and E. C. Scales, the Adjutant General of the State of Mississippi.   In the return to the writ issued on that petition, the enlistment of Otis Dickerson was alleged, and it was set up that he was held as a soldier under the federalization of the State Militia to answer the call of the President of the United States, and that formal charges for the offenses of fraudulent enlistment and receiving allowances and rations had been preferred against him, copies of which were made exhibits to the return, and that he would be brought to trial thereon as soon as practicable before a court-martial which had been ordered to be convened.   The charges mentioned in the return were preferred after the service of the writ of habeas corpus.   The appeal is from the judgment of the court, which recited "that petitioner, J. H. Dickerson, is entitled to the immediate possession of his son, Otis Dickerson, now in the custody of respondents," and ordered the respondents "to immediately deliver said Otis Dickerson to petitioner."

[1] Section 27 of the National Defense Act of June 3, 1916, contains the following proviso: .

"No person under the age of eighteen years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: Provided, that such minor has such parents or guardians entitled to his custody and control."

This provision is a copy of section 1117 of the Revised Statutes (Comp. St. 1913, § 1885), except that the word "eighteen" is substituted for the word "twenty-one" where the latter appeared in the section mentioned.   If the provision quoted is applicable to the enlistment of Otis Dickerson, that enlistment was voidable at the instance of his father.   In re Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; In re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644; In re Miller, 114 Fed. 838, 52 C. C. A. 472; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675.

It has been insisted in argument that the provision applies only to the Regular Army, and not to an enlistment in the National Guard called into the service of the United States.   Stress is laid upon the fact that the provision is found in the part of the act which deals with the Regular Army.   We are not impressed by this suggestion.   It is not uncommon to find in an act of Congress a provision not germane to the subject dealt with in other provisions with which it is associated. The fact that a provision is so placed cannot properly be given the effect of depriving it of the meaning which its words express.   It cannot be supposed that, in an act which defined and specifically dealt with

the several branches of service constituting the Army of the United States (sections 1, 3, 58, 70 of the act), use would have been made of the expression, "enlisted or mustered into the military service of the United States," if it had been intended that the provision containing that expression should apply to only one branch of that service. The words used are appropriate to embrace the methods by which one may enter the military service of the United States, whether as a member of the Regular Army or as a member of the National Guard while in the service of the United States. In re Burns (C. C.) 87 Fed. 796. The conclusion is that the provision quoted applies to the enlistment of Otis Dickerson.

[2] As Otis Dickerson was over 16 years of age when he enlisted, he became a de facto and de jure soldier, subject to the jurisdiction of the military authorities, and liable to be tried by a court-martial for a military offense charged to have been committed by him prior to the exercise by his father of the right to avoid the enlistment. In re Miller, supra.

[3] When the petition for the writ of habeas corpus was filed, the petitioner's son was in the custody of the military authorities. A court-martial is the proper tribunal to try him for a military offense charged to have been committed by him while his enlistment was effective to the extent of subjecting him to military control and discipline. The election by the father, evidenced by the writ of habeas corpus, to avoid his son's enlistment, terminated the right of the military authorities to detain the latter under the enlistment. But it did not terminate the right of such authorities to continue their custody of the minor for the time reasonably required for the exercise of the military jurisdiction brought into play by duly made charges of the commission of military offenses by the minor while he was a soldier. The circumstances of the custody of the appellee's son by the military authorities, which were disclosed on the hearing below, differ from those disclosed in the case of In re Miller, supra, in that in the case cited the minor was under arrest on a military charge when the writ of habeas corpus was served, while in this case such charges were preferred after the service of the writ. We are not of opinion that the difference is a material one. In the one case, as well as in the other, the jurisdiction of the offense charged is a military one, not possessed by the court from which the writ of habeas corpus issued. It is not for that court to interfere with the exercise by a court-martial of its exclusive jurisdiction. The exercise of that jurisdiction would be interfered with by a withdrawal from the custody of the military authorities of one charged with the commission of a military offense while he was lawfully subject to military law, as the custody of the person proceeded against is necessary to enable the military tribunal to exercise its jurisdiction. On the hearing of the issues raised by a petition for the writ of habeas corpus and the return thereto, the court is authorized "to dispose of the party as law and justice require." R. S. U. S. 761 (Comp. St. 1913, § 1289). We are of opinion that, on the state of facts disclosed on the hearing below, law and justice did not require an order to the military authorities having Otis Dickerson in

custody for his immediate surrender to his father, the appellee. United States v. Williford, 220 Fed. 291, 136 C. C. A. 273; Ex parte Lewkowitz (C. C.) 163 Fed. 646; In re Lessard (C. C.) 134 Fed. 305; Motherwell v. United States, 107 Fed. 437, 48 C. C. A. 97.

The conclusion is that the application for the discharge of Otis Dickerson from the custody of the military authorities should not be granted until he has been released from the military prosecution duly instituted against him, and that the writ should be dismissed, but without prejudice to the petitioner's right to renew his application if the custody of his son shall be unlawfully continued.

The judgment of the District Court is reversed, with instructions to remand Otis Dickerson to the custody of the military authorities.