UNITED STATES ex rel. LAZARUS v. BROWN, Commander of the First Regiment of the National Guard of Pennsylvania, et al.

(District Court, E. D. Pennsylvania. May 23, 1917.)

No. 3.

1. ARMY AND NAVY ☞44(3)—MILITARY COURTS—PERSONS SUBJECT TO JURISDICTION.

Though an enlistment by a person under military age was voidable at the election of his parents, it was a lawful enlistment, and subjected him to military authority, and to the tribunals constituted to try military offenses, until such enlistment was terminated by the parents' election to nullify it.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 92.]

2. ARMY AND NAVY ☞44(3)—MILITARY COURTS—PERSONS SUBJECT TO JURISDICTION.

Where a person enlisting while under military age committed military offenses before his father's election to terminate the enlistment, for which he was taken into custody by the military authorities before the issuance of a writ of habeas corpus upon his behalf, the military court had jurisdiction to try him for such offenses, though he was not taken into custody before the father's election to terminate the enlistment.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 92.]

3. ARMY AND NAVY ☞19—ENLISTMENT OF MINORS—RIGHT TO DETAIN.

The military authorities cannot detain an enlisted man by virtue of his contract of enlistment, made while under military age and terminated by the election of his parents or guardians.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45–50.]

4. HABEAS CORPUS ☞109—PERSONS UNDER CONTROL OF MILITARY AUTHORITIES.

In a habeas corpus proceeding to secure the release of an enlisted minor, whose father has elected to terminate the enlistment, where it appears that the minor is in custody for offenses against the military law and the army regulations, committed during the term of enlistment and before its termination by the father's election, he will be remanded to the custody of the military authorities, to answer to the charges preferred and to carry out any sentence imposed, but thereupon to be released from such custody.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 97, 98.]

Habeas corpus by the United States, on relation of Harry J. Lazarus, against Lieut. Col. Millard D. Brown, Commander of the First Regiment of the National Guard of Pennsylvania, now in the service of the United States Army, and another. On hearing upon petition and return of writ. Relator remanded conditionally.

A. L. Moise, of Philadelphia, Pa., for petitioner.

Francis Fisher Kane, U. S. Dist. Atty., of Philadelphia, Pa., for respondents.

DICKINSON, District Judge. The petition for the writ in this case is by the parent of the relator. It is based upon the proposition of fact that the relator was under military age at the time he entered the service. There has been no traverse of the return. We must, in consequence, take the facts as presented by the return. The questions before us are in further consequence raised as upon a demurrer to the return. The return sets forth two independent grounds of detention. The first is based upon the fact of enlistment of the relator and of actual military service. The second is that the relator is in custody of the military authorities, because of alleged offenses committed against the military law and army regulations, and his commitment to answer to the military tribunal having jurisdiction to try such offenders.

[1] That the relator was under military age when he enlisted, and his enlistment, because of this, voidable at the election of his parents, is conceded. If, therefore, this were the only cause of detention set up in the return, the relator must be discharged from custody. It must be observed, however, that the concession is not of the principle that the enlistment was void, and by reason of this the relator never subject to military authority, but that the enlistment is voidable only at the election of the parents or guardian of the minor, whose right of custody of the relator thereby becomes superior to that of the military authorities. This admission of the judge advocate and of counsel for the United States is in accordance with the ruling in Re Morrissey, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644. The enlistment of the relator was, therefore, a lawful enlistment, and subjected him to military authority and to the tribunals constituted to try military offenses until such enlistment was terminated by the election of the parents to nullify it. This election, for the purposes of this case, may be said to have been exercised on May 15th. It is averred that before that date the relator had committed offenses against the military law. One of these is voiced in the charge of what is termed a fraudulent enlistment, but it is clear that the acts charged to have been committed do not constitute a military offense. No point need be made of this, however, for the reason that other acts are charged which admittedly are offenses, if the charge turns out to be well founded.

[2] A point is made, however, of the further facts that, although the alleged offenses were committed before the parents' exercise of their election to terminate the enlistment, the relator was not taken into custody until after the exercise of this election, although again this was before the writ issued, and the relator was in fact in custody to answer to these charges before the writ of habeas corpus issued, and, of course, at the time of the return day, and of this hearing thereon. The relator having been subject to the jurisdiction of the military tribunal which will pass upon the offenses charged at the time the offenses are charged to have been committed, the military authorities may assert and exercise their jurisdiction to try the offender. We are of

opinion that the lawfulness of the exercise of this jurisdiction turns upon the two facts: First, that the alleged offenses were committed before the termination of the enlistment by the election of the parent; and, secondly, that the relator was in custody of the military authorities to answer to these charges when the writ issued, the return was made, and the hearing thereon had. This conclusion is in accordance with the following cases: Hoskins v. Dickerson, 239 Fed. 278, —— C. C. A. ——; Hoskins v. Pell, 239 Fed. 279, —— C. C. A. ——.

[3, 4] The logic of the arguments addressed to us, in which we understand all counsel to concur, leads to two conclusions: One is that, if no cause of detention of the relator appeared, other than his contract of enlistment, which by reason of his being under military age had been terminated at the election of his parents or guardian, he would be in law entitled to be set at liberty. The other is that, it appearing that the relator is in custody to answer military charges before the military tribunals for offenses against the military law and the army regulations, committed during the term of his enlistment and before this had been terminated by the election of his parents, the relator should be remanded to the custody of the defendant to answer to the charges thus preferred. All that remains, therefore, is to fix the terms of the order now to be made. The order might take the form, followed in Hoskins v. Dickerson, of simply remanding the relator to the custody of the military authorities, and the writ dismissed without prejudice to the right of the parent to seek the relief asked, if such custody was unlawfully prolonged. It seems, however, to be good practice, and through being a more definite disposition of the case a method more convenient to the military authorities, in which view we understand all of counsel to concur, to now make a final disposition of all the questions involved through such form of order as will dispose of all of them, and, because of this, dispose of the whole case now, without the necessity for further proceedings.

The order is that the relator be remanded to the custody of the defendants, or other proper military authorities, to be held for trial before proper military tribunals on the charges preferred against him, and after the termination thereof, and also the satisfaction and carrying out of any sentence which may be imposed upon him, be thereupon released from such custody and committed to the petitioner as his parent and guardian. The costs of this writ and these proceedings to be paid by the relator.