## WHITE v. HUMPHREY.
### No. 11207.

United States Court of Appeals
Third Circuit.

Argued March 5, 1954.

Decided April 22, 1954.

H. Clay Espey, Washington, D. C., for appellant.

Lt. Col. Howard O. Husband, Judge Advocate General's Corps., Washington, D. C. (J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Asst. U. S.

Atty., Wilkes Barre, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant, then a United States Army sergeant serving in Germany, was convicted by a general court-martial of unpremeditated murder. While serving his sentence at the United States Penitentiary at Lewisburg, Pa., he filed a petition for a writ of habeas corpus and obtained a rule to show cause why it should not be allowed. After hearing, the rule was dismissed and the petition denied. D.C., 115 F.Supp. 317.

The one question presented to us is whether appellant was denied constitutional and military due process in his trial because there were no instructions by the law member in open court to the members of the court-martial defining the crime of unpremeditated murder and its elements, the crime of voluntary manslaughter and its elements and self defense as related to appellant.[1]

The offense was committed May 1, 1950. The trial was completed and appellant found guilty June 2, 1950. Sentence was pronounced the same day. On August 17, 1950 the appellate authority, a Board of Review in the Office of the Judge Advocate General, affirmed the conviction. The sentence was ordered into execution on August 25, 1950. On December 15, 1952, by order of the Secretary of the Army, the original sentence of twenty years was reduced to seventeen and a half years.

The court-martial proceedings were governed by the Articles of War, as amended, Act of June 4, 1920, ch. 227, subchapter II, 41 Stat. 787–812, as amended by the Act of June 24, 1948, ch. 625, Title II, 62 Stat. 627, and the Manual for Courts-Martial, United States Army 1949, promulgated by Executive Order 10020, December 7, 1948, 13 F.R. 7519–7629. The Uniform Code of Military Justice, 64 Stat. 108, 50 U.S. C.A. § 551 et seq., though enacted May 5, 1950 did not become effective until May 31, 1951. It was on that date also that the 1951 Courts-Martial Manual went into force.[2]

Under the Articles of War and the 1949 Manual the law member, in addition to functioning as a full member of the court, had other duties. Article 31 * said as to these that:

"It shall be the duty of the law member of a general or the president of a special court-martial before a vote is taken to advise the court that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt shall be resolved in the accused's favor and he shall be acquitted; if there is a reasonable doubt as to the degree of guilt, the

---

1. Appellant for the purpose of this appeal only has conceded that the trial record contains sufficient circumstantial evidence, which, if believed, supports his conviction of unpremeditated murder. He testified at the trial and denied the improper conduct and the offense with which he was charged.

2. Executive Order 10214 of February 8, 1951, 3 C.F.R. 1951 Supp. 90–91, covered this and provided for the transition of procedures from the Articles of War and the 1949 Manual to the Code of Military Justice and the 1951 Manual. This reads in part:

"This manual shall be in force and effect in the armed forces of the United States on and after May 31, 1951, with respect to all court-martial processes taken on and after May 31, 1951: Provided, That nothing contained in this manual shall be construed to invalidate any investigation, trial in which arraignment has been had, or other action begun prior to May 31, 1951; and any investigation, trial, or action so begun may be completed in accordance with the provisions of the applicable laws, Executive orders, and regulations pertaining to the various armed forces in the same manner and with the same effect as if this manual had not been prescribed."

* Now 50 U.S.C.A. § 626.

finding must be in a lower degree as to which there is no such doubt; that the burden of proof to establish the guilt of the accused is upon the Government." 62 Stat. 631-632.

The 1949 Courts-Martial Manual assigned certain further duties to the law member. These are outlined in paragraph 40 of the Manual which reads:

"40. Law Member.—As law member, his principal duty is to rule upon interlocutory questions (51d) and to advise the court on questions of law and procedure which may arise in discussion in closed session. Such advice *may* include an explanation as to the elements necessary to establish the offense charged, what lesser offenses, if any, are included in the offense charged, the possible findings the court may make by way of exceptions and substitutions, the maximum punishment for each offense with which accused is charged, and if requested, the proper form in which to state the findings and sentence reached by the court. As a member he has the duties, powers, and privileges of members in general. *In accordance with Article 31, it is the duty of the law member before a vote is taken to advise the members in open court concerning the presumption of innocence and the nature and quantum of evidence required to sustain findings of guilty.*" 13 F.R. 7529. (Emphasis supplied).

Article 38 of Articles of War † gave the President authority to prescribe regulations for the procedure, including modes of proof, in courts-martial cases "which regulations shall, *insofar as he shall deem practicable,* apply the principles of law and rules of evidence generally recognized in the trial of criminal cases in the district courts of the United States". (Emphasis supplied.) It was pursuant to this authority that the President issued Executive Order 10020, December 7, 1948 prescribing the 1949 Courts-Martial Manual. 13 F.R. 7519-7629.

The instructions actually given by the law member in this case were:

"The Court is advised that the accused is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt; if there is a reasonable doubt as to the guilt of the accused, the doubt shall be resolved in the accused's favor and he shall be acquitted. If there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no such doubt. The burden of proof to establish the guilt of the accused is upon the Government."

The 1951 Courts-Martial Manual eliminated the law member. He was succeeded by a "law officer" who acts in a quasi judicial capacity and takes no part in the deliberation or decision of the court. Among other things, he has the duty of instructing the court "[a]s to the elements of each offense charged" 1951 M.C.M. 73(a), and his failure so to do is reversible error. United States v. Clay, 1 U.S.C.M.A. 74, 1 C.M.R. 74. This is strongly stressed by appellant as indicative of the proper interpretation of the pertinent language of the 1949 Manual. United States v. Gordon, 1 U.S.C.M.A. 255; 2 C.M.R. 161, is cited in support. The Gordon decision, also under the 1949 Manual, said "[w]hile the new code is not controlling in this case, it points the direction this court should take when interpreting language which is used in the old code and carried over in the new." That would be fine and we would welcome the opportunity of following the present military justice view if we were construing the type of language dealt with in Gordon. Unfortunately we are not. The new code did not just take over the scant required instruction of the 1949 Manual but added to it the vitally important phrase above quoted.

† Now 50 U.S.C.A. § 611.

Neither the Articles of War or the 1949 Manual contained anything making it mandatory for the law member to instruct the court regarding the elements necessary to establish the offense charged, lesser offenses included, or the right of self defense. The only duty he had with reference to instructing the members of the court-martial in open court was to advise them concerning the presumption of innocence; the nature and quantum of evidence required to sustain findings of guilty; that if there is a reasonable doubt as to the degree of guilt the finding must be in a lower degree as to which there is no such doubt and burden of proof. Paragraph 78(d) of the 1949 Courts-Martial Manual (13 F.R. 7541–7542) outlines the course to be pursued by the law member. This reads:

"78. Findings. * * *

"d. Procedure.—After both sides have rested and before the court retires into closed session for the purpose of arriving at its findings the law member of a general court-martial or the president of a special court-martial will, in open court, advise the court that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt shall be resolved in favor of the accused and he shall be acquitted; and that if there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no such doubt; and that the burden of proof to establish the guilt of the accused is upon the Government (A.W. 31). The advice may be in the language of this paragraph; explanatory matter may, but need not be added."

And in Appendix 5 of the 1949 Courts-Martial Manual where the exact full general and special court-martial trial procedure is set out for the guidance of the court the following appears at page 345, 13 F.R. 7621:

"Note:—After both sides have rested and before the court retires into closed session the law member (or president of a special court-martial) will, in open court, instruct the court (78d) thus:

"[In Margin] Instructions concerning presumption of innocence, degree of guilt, and burden of proof.

"LM (Pres): The court is advised that the accused is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt; if there is a reasonable doubt as to the guilt of the accused, the doubt shall be resolved in the accused's favor and he shall be acquitted. If there is a reasonable doubt as to the degree of guilt, the findings must be in a lower degree as to which there is no such doubt. The burden of proof to establish the guilt of the accused is upon the Government."

The instruction given by the law member in the issue before us was quoted verbatim from the above. There was no request by either side or the court members for further or other instructions in open court.

■ Concededly if the Code of Military Justice and the 1951 Courts-Martial Manual had been in effect at the time of appellant's trial the failure to instruct on the elements of the offenses involved would have been a material omission entitling appellant to a new trial. However, we are confronted with one of the harsh realities of courts-martial prior to the sweeping changes brought about by the Code. The specification which the court had before it did give some idea of the offense of unpremeditated murder but it did not define the words "wilfully" or "feloniously" which were part of the specification. There was no direct reference in the open court instruction to the possible verdict of voluntary manslaughter. There was no mention at all of the defense of self defense and the conse-

quences if that defense were upheld.[3] Nevertheless we are forced to conclude that under the court-martial law which governed the trial the law member's instruction was adequate. We cannot therefore interfere on that score.

■ Appellant argues that Article 38 made applicable to courts-martial the principles of law governing United States District Court criminal trials. And says appellant, by that law the instruction in question was so insufficient it deprived him of due process. Once again if the premise were correct the conclusion would follow but all Article 38 did was to make available to the President district court criminal law principles and rules of evidence. It went no further than that. The only district court criminal law principles and rules of evidence on which the 1949 Manual made it obligatory for the law member to instruct the court-martial in open court were those to which reference has been made, namely, presumption of innocence, reasonable doubt, degree of guilt and burden of proof. Comparison with the 1951 Manual instead of helping appellant's contention simply points up the numerous major improvements in courts-martial law brought about by the Code of Military Justice. As we have already said, the new law officer has a far different status than the law member of the old Manual and, among other things, must instruct on the elements of each offense charged.

■ The theory advanced that appellant was denied due process is principally founded on the same erroneous assumption that the permissive authority granted the President by Article of War 38 actually incorporated into this trial the law and rules of evidence of federal criminal trials. With that contention out of the case, as it must be, what remains is whether the failure to include in the instruction the definitions of the crimes involved and of self defense and the latter's significance prevented a fundamentally fair trial. If the court-martial had manifestly not considered the possible lesser verdict of manslaughter and the self defense claim; if the court were shown to have fixed "guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the military courts as well as the civil courts",[4] it would be open to the federal civil court to grant the writ sought. While to members of the military forces due process means the application of the procedure of military law, it "guarantees to them that this military procedure will be applied to them in a fundamentally fair way." United States ex rel. Innes v. Hiatt, 3 Cir., 1944, 141 F.2d 664, 666. Our own careful examination of the record does not reveal that appellant's trial was in violation of that rule.

With reference to instructions by the law member all that is disclosed is merely the open court instruction. As has already been indicated that complied with the controlling court-martial law. We have no knowledge of the advice, if any, given by the law member to the court in its closed session. Nor is there any information available as to the knowledge of the court-martial members regarding matters on which no open instruction was furnished. We cannot assume that if the court or one or more members thereof needed explanation "[a]s to the elements necessary to establish the offense charged, what lesser offenses, if any, are included in the offense charged" or on any other "[q]uestions of law and procedure which may arise in discussions in closed session" this was not supplied by the law member, especially since that was part of his principal duty under Paragraph 40 of the 1949 Courts-Martial Manual. We have been referred to no decisions prior to the Code of Military Justice nor have we ourselves found any where the kind of instruction complained of was held erroneous. Probably no one will deny

---

3. Self defense was urged at the trial on behalf of appellant as a defense.

4. Burns v. Wilson, 346 U.S. 137, 142–143, 73 S.Ct. 1045, 1049, 97 L.Ed. 1508.

that the court-martial law under which appellant was convicted needed reformation; indeed this had already been accomplished but had not as yet become operative at the time of trial. And it can hardly be denied that the open court advice would have been far more satisfactory if it had contained definitions of the crimes charged and explanation of self defense. But as it stands there is nothing in the record from which reasonable inference can be had that the absence of those instructions resulted in the denial of a basically fair trial to appellant in violation of the constitutional concept of due process.

The order of the district court will be affirmed.