Charles I. ALLEN, Petitioner,

v.

Fred T. WILKINSON, Acting Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 286.

United States District Court, M. D. Pennsylvania.

Feb. 18, 1955.

Charles I. Allen, pro se.

Lt. Col. A. G. Eger, Judge Advocate General's Corps, U. S. Army, Washington, D. C., J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Asst.

U. S. Atty., Wilkes-Barre, Pa., for respondent.

FOLLMER, District Judge.

■ This is an application for a writ of habeas corpus by Charles I. Allen, a prisoner serving a sentence imposed by a general court-martial. His original petition being too ambiguous to justify requiring an answer thereto, he was directed to supplement the same with more specific statements.[1] After a supplemental petition was filed, a Rule to Show Cause issued. The respondent thereupon filed a motion to dismiss, attaching thereto a duly authenticated transcript of the Court-Martial proceedings and pertinent records. Treating this as a Response, the petitioner was given an opportunity to traverse if he so desired.

The petitioner, a private in the United States Army on August 16, 1952, the date of the violation with which the court-martial proceedings attacked in this application for habeas corpus is concerned, was a military prisoner serving a previously imposed sentence to confinement in the Frankfurt Military Post Guardhouse in Germany. The general court-martial by which he was tried was lawfully convened and had jurisdiction of the offense and the petitioner. The sentence imposed was authorized by the Articles of War. Petitioner seeks to dispute this, alleging that the sentence imposed was in excess of the maximum.

■ Congress has provided a complete system of review within the military system to secure the rights of those subject to military law, and moreover provided a special post conviction remedy within the military establishment apart from ordinary appellate review, whereby one convicted by a court-martial may attack collaterally the judgment under which he stands convicted. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. The question was not raised in his petition for review and cannot therefore be considered here. As was stated in Burns v. Wilson, supra, 346 S.Ct. at page 142, 73 S.Ct. at page 1048,

"* * * In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals *after all military remedies have been exhausted.*" (Emphasis supplied.)

■ Even if it could have been raised, it would be without merit. Petitioner was convicted under Article 90 (1) of the Uniform Code of Military Justice, 50 U.S.C.A. § 684. Article 90 provides: "such punishment, other than death, as a court-martial may direct." Article 56 of the Code, 50 U.S.C.A. § 637, provides: "The punishment which a court-martial may direct for an offense shall not exceed such limits as the President may prescribe for that offense." Prescribed in accordance therewith, in the "Table of Maximum Punishments" in the Manual for Courts-Martial, United States, 1951, Par. 127c, Page 220, is dishonorable discharge, forfeiture of all pay and allowances, and confinement at

---

1. A petition which merely alleges that the restraint is in violation of the Constitution and laws of the United States and without due process of law is insufficient and ordinarily subject to dismissal. There must be an adequate statement of facts to make possible preliminarily an intelligent judgment on the possible merits of the petition. Craemer v. State of Washington, 168 U.S. 124, 18 S.Ct. 1, 42 L.Ed. 407; Kohl v. Lehlback, 160 U.S. 293, 296, 16 S.Ct. 304, 40 L.Ed. 432; Whitten v. Tomlinson, 160 U.S. 231, 242, 16 S.Ct. 297, 40 L.Ed. 406; Ex parte Cuddy, 131 U.S. 280, 286, 9 S.Ct. 703, 33 L.Ed. 154; Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976; O'Connell ex rel. Kwong Han Foo v. Ward, 1 Cir., 126 F.2d 615; Fleenor v. Hammond, 6 Cir., 116 F.2d 982. Petitioner in the instant case, however, was given several extra opportunities to present a justiciable issue.

hard labor not to exceed ten years.[2] Petitioner's sentence was in compliance therewith.

 Petitioner makes the customary allegation of incompetency of counsel. This likewise could have been but was not raised in the military courts and may not therefore be considered when presented for the first time in the application for habeas corpus.[3] Moreover, this is not a proper matter for review in habeas corpus. In Hiatt v. Brown, 339 U.S. 103, 110, 70 S.Ct. 495, 498, 94 L.Ed. 691, the Supreme Court said:

"* * * We think the court was in error in extending its review, for the purpose of determining compliance with the due process clause, to such matters as the propositions of law set forth in the staff judge advocate's report, the sufficiency of the evidence to sustain respondent's conviction, the adequacy of the pretrial investigation, and the competence of the law member and defense counsel."

In fairness to accused counsel, however, we feel compelled to add that our examination of the record negatives petitioner's contention. Counsel was an attorney duly certified by the Judge Advocate General as qualified pursuant to the requirements of Article 27(b) of the Uniform Code of Military Justice, 50 U.S.C.A. § 591(b). At arraignment and during the trial petitioner appeared satisfied with his counsel. The trial record leaves no doubt that petitioner had a fair trial and was represented ably and in good faith by his counsel.

 Petitioner contends the evidence at his trial was "insubstantive" and did not warrant conviction. This contention is not borne out by the trial record. Government's counsel correctly summed up the matter in the reply to petition for grant of review in the Court of Military Appeals when it said, "the findings of guilty and the sentence are compellingly supported by the evidence and all the reasonable inferences arising therefrom."[4] The Court of Military Appeals evidently concurred therein since it denied the petition for review. In any event, however, this issue is not properly before this Court. This Court is without power to try such issue de novo.[5] As was stated in Whelchel v. McDonald, 340 U.S. 122, 124, 71 S.Ct. 146, 148, 95 L.Ed. 141. "Any error that may be committed in evaluating the evidence tendered is beyond the reach of review by the civil courts." And likewise in Humphrey v. Smith, 336 U.S. 695, 696, 69 S.Ct. 830, 831, 93 L.Ed. 986, the Supreme Court said, "But our authority in habeas corpus proceedings to review court-martial judgments does not permit us to pass on the guilt or innocence of persons convicted by courts-martial."[6]

 Petitioner also claims that he was sixteen years of age at the time of enlistment and seventeen years of age at the time of the general court-martial trial. At the time of his enlistment March 27, 1951, petitioner in his sworn application,[7] gave March 10, 1934 as the date of his birth. His parents, in support thereof, submitted a sworn certificate[8] to the effect that he was born on March 10, 1934 at Jacksonville, Florida, and that any record of his birth had been lost or destroyed. A consent to enlistment,[9] likewise under oath, was also submitted by his parents giving March

2. The confinement portion of petitioner's sentence was reduced to three years.

3. See also Suttles v. Davis, 10 Cir., 215 F.2d 760, 763.

4. Transcript of Record, Ex. I.

5. Suttles v. Davis, 10 Cir., 215 F.2d 760; Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691.

6. See also Schilder v. Gusik, 6 Cir., 195 F.2d 657; White v. Humphrey, D.C.M.D. Pa., 115 F.Supp. 317, affirmed 3 Cir., 212 F.2d 503.

7. Transcript of Record, Exhibit A.

8. Transcript of Record, Exhibit A-1.

9. Transcript of Record, Exhibit A-2.

10, 1934 as the date of his birth. At the time of trial he offered in evidence as Defense Exhibit A a certificate of baptism at Baltimore, Maryland, on October 11, 1936, which indicated the date of birth as March 10, 1935. This created a conflict of evidence on which the decision of the Military Court would be binding. A determination of this issue would not, however, be decisive in any event. The date of the violation was August 16, 1952. It is immaterial whether at that time he was seventeen or eighteen years of age. Even assuming that petitioner enlisted fraudulently when under the statutory enlistment age provided in 10 U.S.C.A. § 628, Act of June 28, 1947, the right to set aside the enlistment would have been only in the parents had they not consented, ex parte Foley, D.C.W.D.Ky., 243 F. 470, but here they not only consented but were parties to any such fraud if it existed. The petitioner, however, would have been guilty of a military offense under Article of War 54, 10 U.S.C. § 1526, now Article 83 of the Uniform Code of Military Justice, 50 U.S.C.A. § 677,[10] and certainly, having continued to serve and receive pay after attaining age seventeen, with the parents having consented, the court-martial would have had jurisdiction of offenses committed during such service. Ex parte Hubbard, 182 F. 76, 81. In any event, as previously indicated, this Court would be bound by the determination of this disputed question of fact by the Military Court. Moreover, the overwhelming weight of authority is that neither a minor soldier or his parents, even where no consent has been given, may void such an enlistment or effect the release of such soldier when he is held for a military offense or is under sentence for a military offense.[11]

On the face of the record, therefore, it is apparent that there is no merit in any phase of the petition for writ of habeas corpus. No purpose would be served by a useless issuing of the writ.[12] The application for writ will be denied and the Rule to Show Cause discharged.

10. See also Winthrop's Military Law, 1920 Reprint, Page 734; United States ex rel. Laikund v. Williford, 2 Cir., 220 F. 291; Hoskins v. Dickerson, 5 Cir., 239 F. 275.

11. Ex parte Dostal, D.C.N.D.Ohio, 243 F. 664 (and cases cited); Ex parte Dunakin, D.C.E.D.Ky., 202 F. 290, 292 (and cases therein cited); Ex parte Beaver, D.C.N.D.Ohio, 271 F. 493; Ex parte Rush, D.C.M.D.Ala., 246 F. 172; Ex parte Foley, D.C.W.D.Ky., 243 F. 470; United States ex rel. Lazarus v. Brown, D.C.E.D.Pa., 242 F. 983; Hoskins v. Dickerson, 5 Cir., 239 F. 275.

12. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 514, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Higgins v. Steele, 8 Cir., 195 F.2d 366.