**FIGUEROA v. SALDANA, Warden.**

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2098.

Habeas corpus ⊜⇒22(1)—Habeas corpus will not lie for discharge of prisoner duly convicted of crime, on ground that another has confessed the crime (28 USCA § 453).

The District Court of the United States for Porto Rico has no jurisdiction, under Rev. St. § 753 (28 USCA § 453 [Comp. St. § 1281]), to grant a writ of habeas corpus for discharging a prisoner serving sentence for crime under conviction in a court of Porto Rico, affirmed by its Supreme Court, on the ground that since his conviction another has confessed committing the crime.

Appeal from the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Petition by Catalino Figueroa against Sixto M. Saldana, Warden, for writ of habeas corpus. From a decree denying the writ, petitioner appeals. Affirmed.

Armando A. Miranda, of San Juan, Porto Rico (Aureliano Rivas, of San Juan, Porto Rico, on the brief), for appellant.

William C. Rigby, of Washington, D. C. (George C. Butte, Atty. Gen., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court of the United States for the District of Porto Rico, denying the petition of the appellant for a writ of habeas corpus.

In his petition, filed July 1, 1926, the petitioner alleged that he had been duly convicted in the district court of Guayama of the crime of murder in the first degree, and sentenced to life imprisonment June 21, 1923; that this conviction had been affirmed on appeal by the Supreme Court of Porto Rico; and upon information and belief he alleged that some time after he had begun the service of his term of imprisonment another person willingly and voluntarily appeared before the Attorney General of Porto Rico, or his legal representatives, and confessed himself guilty of the crime of which the petitioner was convicted and for which he was serving a sentence of imprisonment.

The petition was denied, and he later filed another, containing the same allegations, which was heard by the Chief Justice of the Supreme Court of Porto Rico, who presided over the District Court of the United States for Porto Rico during the temporary absence of the judge of that court. This also was denied.

It is very doubtful if the case is properly before us, but we are not disposed to scrutinize very closely the steps taken to bring it here.

In his oral argument and upon his brief the appellant's counsel contends that the District Court of Porto Rico had jurisdiction of his petition, and could issue a writ of habeas corpus under Revised Statutes, § 753, Comp. Stat. 1916, § 1281 (28 USCA § 453), because the appellant is "in custody in violation of the Constitution * * * of the United States."

The judgment of the district court for the judicial district of Guayama, Porto Rico, was affirmed by the Supreme Court of Porto Rico on April 15, 1925. No appeal was taken, nor writ of error prosecuted, from this

judgment. It is not now contended that any error was committed in the trial of his case in the courts of Porto Rico, or that he was convicted without the due process guaranteed by the Constitution of the United States. The sole ground upon which the petition for the writ of habeas corpus is based is the alleged confession by another party that he committed the crime for which the appellant is serving a sentence made after the petitioner had entered upon his term of imprisonment. This might be urged as the proper subject for executive clemency, but it affords no basis for judicial action.

Under the facts presented by this record, the United States District Court for the District of Porto Rico was without jurisdiction to issue the writ, and therefore did not err in denying the petition.

The decree of the District Court is affirmed, without costs.