**UNITED STATES ex rel. UWANAWICH v. HILL, Warden.**

No. 111.

District Court, M. D. Pennsylvania.

Jan. 16, 1940.

David R. Crossgrove, of Lewisburg, Pa., for petitioner.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for writ of habeas corpus. Mitchell Uwanawich, the petitioner, was tried, convicted and sentenced in the District Court for the Eastern District of New York on charges of violating the laws of the United States as provided in 26 U.S.C. §§ 1040, 1043(a), 26 U.S.C.A. §§ 1040, 1043(a), and 21 U.S.C. §§ 173, 174, 21 U.S.C.A. §§ 173, 174. Motion for a new trial was refused, the Circuit Court of Appeals confirmed the judgment of conviction (United States v. Uwanawich, 2 Cir., 102 F.2d 45), and a writ of certiorari was denied by the Supreme Court of the United States, 306 U.S. 658, 59 S.Ct. 775, 83 L.Ed. 1055. April 3, 1939. The petitioner now seeks release by habeas corpus proceedings, alleging no irregularity in the proceedings heretofore, but giving as his sole reason for requesting the writ, the fact that, subsequent to all of the above legal steps, he obtained information that one Stanley Bimbo had confessed to perpetrating the offense for which petitioner was convicted. Hearing on the petition for writ of habeas corpus was had in open court on December 18, 1939, at which time full and fair opportunity was given to all parties to be heard. At the hearing the only proof offered of Bimbo's confession consisted of affidavits of third persons, each in substance stating that Bimbo had confessed the crime to the affiant.

The question presented here is one bearing solely on the merits of the case, and raising no error which appears on the face of the record. In a habeas corpus proceeding the court has no jurisdiction to review the case on its merits, but is limited solely to an investigation whether all prior steps have been legal and have protected petitioner's constitutional rights, and whether the record so indicates. The identical question was decided in Figueroa v. Saldana, 1 Cir., 23 F.2d 327, certiorari denied by United States Supreme Court, 277 U.S. 574, 590, 48 S.Ct. 530, 72 L.Ed. 995. It was there held that on facts similar to those above recited, the United States District Court has no jurisdiction to issue a writ of habeas corpus to secure petitioner's release.

After-discovered evidence bearing on the merits of a case, be it cumulative or supplemental, is not properly presented to a court before which a petition for writ of habeas corpus is brought. For

this reason the motions of the United States Attorney to exclude from consideration the testimony of the petitioner and the affidavits offered at the hearing, are now granted, and the same are hereby excluded from consideration on this petition.

While the statements in the affidavits, as well as the petitioner's own testimony, tend to show there is behind them strong after-discovered evidence indicative of petitioner's innocence, which might well be made the basis of a plea for executive clemency, they afford no ground on which this court can grant the petitioner relief in habeas corpus.

It is therefore ordered that the petition for writ of habeas corpus be, and the same is hereby, dismissed, and the writ discharged.