544

**STEELE v. HUMPHREY, Warden.**

No. 232.

United States District Court
M. D. Pennsylvania.

Oct. 23, 1948.

Petitioner pro se.

No appearance for respondent, no rule having issued.

[1] On his previous application, Ex parte Steele, D.C.M.D.Pa., 79 F.Supp. 428, he was represented by counsel and he now has an appeal pending therein.

[2] Section 2244 New Federal Judicial Code, 28 U.S.C.A. § 2244.

[3] Petitioner was convicted under Article of War 92, 10 U.S.C.A. § 1564, and a dishonorable discharge as part of the sen-

FOLLMER, District Judge.

This is petitioner's second application for writ of habeas corpus in this district.[1] The present petition raises one new ground not heretofore presented and determined and which is therefore being considered herein.[2] Using his own language, his contention is, "The petitioner bases his complaint on the fact that he was discharged from the United States Army while serving a sentence adjudged by general courts-martial, that one day after the issue of discharge your petitioner was interned in a United States Federal Penitentiary; interned therein by the military authorities; on a military commitment warrant signed prior to discharge and separation from the Army and that the rulings of the Judge Advocate General of the United States Army has provided that once a discharge has been issued to a man in confinement it immediately terminates the remaining unexecuted portion of the sentence."

This contention is without merit. Where a soldier in a court-martial proceeding has been sentenced to a term in the penitentiary, with a dishonorable discharge also imposed,[3] he nevertheless as a person under sentence adjudged by a court-martial, remains, pursuant to the provisions of Article of War 2, 10 U.S.C.A. § 1473, a person "subject to military law",[4] and such discharge does not terminate the prison sentence.

The application for writ of habeas corpus is denied.

tence was proper. Manual for Courts-Martial, U. S. Army, 1928 (corrected to April 20, 1943) Page 92, Par. 103.

[4] Manual for Courts-Martial, U. S. Army, 1928 (corrected to April 20, 1943) Page 8, Par. 10. O'Malley v. Hiatt, D.C.M.D.Pa., 74 F.Supp. 44, 50; Hironimus v. Durant, 4 Cir., 168 F.2d 288.