MASSEY v. HUMPHREY, Warden.

No. 239.

United States District Court
M. D. Pennsylvania.

Aug. 15, 1949.

Frederick B. Massey, pro se.

No appearance for respondent.

FOLLMER, District Judge.

Petitioner seeks leave to file an application for writ of habeas corpus in forma pauperis. He alleges that he was tried by a Court-Martial on the charge of having on or about October 16, 1948, committed an assault with intent to commit a felony, viz, murder. He does not state when he was convicted.

■ It is contended that the 5th and 6th Amendments were "not complied with * * * by not contacting witnesses for the accused while being confined beyond all communications." This allegation is too vague to require any response thereto. It does not name the witnesses, the materiality of their testimony or their availability, nor does it show whether the complaint has reference to the pre-trial investigation under Article of War 70, 10 U.S.C.A. § 1542, or rulings of the trial court.

■ It is contended that "the Trial Judge Advocate neglected to call witnesses who made affidavtis (sic) that lead to the apprehending of the accused." This vague allegation shows no denial of due process.

■ It is further contended that "Victim refused to identify accused until the officials threaten (sic) her liberty if she did not identify the accused.", and "Also brutality was imposed upon accused to sign composed inccminating (sic) confession which he was not guilty of." The motive of a witness in testifying and the admissibility of a confession are matters for the trial court. These allegations are so vague they do not permit of analysis. Moreover, petitioner does not show that he has exhausted his remedies by application to the Judge Advocate General for a new trial or other relief under the provisions of Article of War 53, as amended, 10 U.S.C.A. § 1525, and Chapter 22 of the Manual for Courts-Martial, U.S. Army 1949.

Leave to proceed in forma pauperis is granted. The application for a writ of habeas corpus is denied.