## SMITH v. HUMPHREY.

No. 242.

United States District Court
Middle D. Pennsylvania.

Dec. 30, 1949.

Bernard W. Smith, pro se.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Bernard W. Smith has filed his second application in this Court for a writ of habeas corpus.[1] In an "Appendix II" to his petition he sets forth as his reason for not having applied for a new trial or other relief under the provisions of the 53rd Article of War, 10 U.S.C.A. § 1525, that he has been discharged, is now a civilian and no longer subject to military jurisdiction. Petitioner admits that he is now imprisoned in the United States Penitentiary, Lewisburg, Pennsylvania, under a sentence adjudged by an Army Court-Martial. This contention is therefore without merit.[2] Petitioner had an available remedy by application for new trial or other relief under Article of War 53 and the Motion to Dismiss must be granted.[3]

The petition for writ of habeas corpus is accordingly denied and the rule to show cause, heretofore entered thereon, vacated.

1. The present petition however raises some matters not considered in his previous proceeding, which is reported in Ex parte Smith, D.C., 72 F.Supp. 935; Id., 3 Cir., 170 F.2d 61; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986, and Id., 337 U.S. 934, 69 S.Ct. 1492, 93 L.Ed. 1740.

2. O'Malley v. Hiatt, D.C.M.D.Pa., '74 F. Supp. 44; Steele v. Humphrey, D.C.

M.D.Pa., 80 F.Supp. 544; McFarland v. Zuppann, D.C.M.D.Pa., 82 F.Supp. 526.

3. Massey v. Humphrey, D.C.M.D.Pa., 85 F.Supp. 534; Whelchel v. McDonald, 5 Cir., 176 F.2d 260; Spencer v. Hunter, 10 Cir., 177 F.2d 370; Sinclair v. Hiatt, D.C.N.D.Ga., 86 F.Supp. 828; Browell v. Johnson, D.C.D.C., Habeas Corpus No. 3530, decided June, 1949.