## WILLIAMS v. HUMPHREY, Warden.

### No. 237.

United States District Court
M. D. Pennsylvania.

March 17, 1950.

Harvey Schmidt, Philadelphia, Pa., Merrill W. Linn, Lewisburg, Pa., for the petitioner.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., for the respondent.

FOLLMER, District Judge.

Petitioner filed his application for writ of habeas corpus to which motion to dismiss was filed alleging that petitioner had not exhausted his administrative remedies, particularly that he had not applied for relief under Article of War 53, 10 U.S.C.A. § 1525. Petitioner was directed to supplement his application with information in relation thereto. It now appears that he has not availed himself of administrative relief under Article of War 53. He asserts that the appellate review provided by Article of War 50, 10 U.S.C.A. § 1521, has been had. This is not however the remedy provided by Article of War 53. The mere fact that this remedy was not in existence at the time of his original appellate action is not controlling.[1]

Petitioner contends that he is raising a question of jurisdiction which is subject to collateral attack. Of course this is true. The Supreme Court in Hiatt v. Brown, 1950, 70 S.Ct. 495, 498, has stated, "The single inquiry, the test, is jurisdiction." The question before me however is whether that stage has been reached where this Court should intervene.[2] I find that petitioner has not exhausted his administrative remedies.

The rule to show cause is vacated and the motion to dismiss is granted.

1. See article "The Illinois Post-Conviction Hearing Act," 9 F.R.D. 347, 363.

2. Smith v. Humphrey, D.C.M.D.Pa.1949, 89 F.Supp. 948; Massey v. Humphrey, D.C.M.D.Pa., 85 F.Supp. 534.