**COCHRANE v. ZUPPANN.**

No. 236.

United States District Court
M. D. Pennsylvania.

March 28, 1950.

As Amended on Denial of Rehearing
April 14, 1950.

William W. Lipsitt, Harrisburg, Pa., Morris Morgenstern, John H. Price, Cedric M. Griffith, Leo Chimo, Francis E. Picklow, Edward J. Sklenicka, Bernard B. Direnfeld, Anthony Lysowski, Joseph Horwitz, Cleveland, Ohio, for petitioner.

Arthur A. Maguire, United States Attorney, Scranton, Pa., Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., Lt. Col. Oliver Wells, Lt. Col. Reginald C. Miller, Office of Judge Advocate General, Washington, D. C., for respondent.

FOLLMER, District Judge.

The petition for writ of habeas corpus filed by Vincent Cochrane, a military prisoner, contains approximately twenty-two paragraphs of alleged error in his court-martial proceeding. The entire problem, however, revolves about his allegation that at the time of the commission of the offense he was insane and that the "Court Martial Board" failed to refer the question to a "Medical Board." This was the question presented at the hearing. Other phases such as actions of the investigating officer and appointing authority need not be discussed. They are fully covered, adversely to petitioner, by the opinion of the Supreme Court in Humphrey v. Smith, 1949, 336 U.S. 695, 69 S.Ct. 830.

As to the action of the trial court on the question of insanity, I find the following facts:

1. The question of insanity was raised at the trial.[1]

2. A pre-trial psychiatric examination report ("Defense Exhibit A" in the Court-Martial proceeding) was considered by the court at the beginning of the trial.[2]

3. The psychiatric report found the defendant (petitioner here) sane.[3]

1. Respondent's Exhibit A., Page 120. (Record of Trial by General Court-Martial, Page 5.)

2. Respondent's Exhibit A., Page 121. (Record of Trial by General Court-Martial, Page 6.)

3. Respondent's Exhibit A., Page 178.

4. The defense called the psychiatrist who made the report as its own witness at the trial.[4]

5. There was evidence before the trial court upon which it could exercise its discretion in determining the question of insanity.

6. After the trial a board was appointed to make a further examination and report on the mental status of the defendant.[5]

7. The report of examination by the board shows "that accused was mentally responsible for his acts at the time of commission of the offense * * *."[6]

8. There was no abuse of discretion on the part of the trial court, and certainly nothing in the record to indicate that the trial court acted arbitrarily or capriciously.

■ The record shows that a pre-trial psychiatric examination was made under the provisions of paragraph 35 c. (Page 26) of the Manual for Courts-Martial, U.S. Army 1928 (Corrected to April 20, 1943) and that the court properly exercised its discretion at the trial as provided in paragraph 63 (Page 49) and Paragraph 75 (Page 59) of said Manual. With the trial court's determination on the facts before it, this Court does not interfere.[7]

■ In the instant case, petitioner was accorded the utmost consideration and provided with a further examination by the reviewing authority as permitted by the Manual for Courts-Martial, U.S. Army 1928 (Corrected to April 20, 1943), paragraph 87 b. (Page 74). He has no basis for complaint. I accordingly conclude: (1) Petitioner was tried by a lawful military Court-Martial which had jurisdiction. (2) The question of sanity was lawfully adjudicated by the trial court which had jurisdiction to determine this question of fact. (3) The petitioner has failed to exhaust his remedies in that he has not applied to The Judge Advocate General for a new trial or other relief under the provisions of Article of War 53, as amended, 10 U.S.C.A. § 1525.[8] (4) Petitioner is not entitled to be discharged from custody.

The petition for writ of habeas corpus is accordingly dismissed without prejudice, and the rule to show cause issued thereon is vacated.

---

4. Respondent's Exhibit A., Page 155. (Record of Trial by General Court-Martial, Page 40.)

5. Respondent's Exhibit A., Page 14. (Special Orders Number 185.)

6. Respondent's Exhibit A. (Indorsement of the Judge Advocate General to Opinion of the Board of Review, Page 8, and the Report of the Board, Pages 10 and 11.)

7. Hiatt v. Brown, 1950, 70 S.Ct. 495.

8. Smith v. Humphrey, D.C.M.D.Pa., 89 F.Supp. 948; Massey v. Humphrey, D.C. M.D.Pa., 85 F.Supp. 534; Schilder v. Gusik, 6 Cir., 180 F.2d 662.