**Earnest WILSON, Petitioner,**

v.

**Fred T. WILKINSON, Acting Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**No. 288.**

United States District Court,
M. D. Pennsylvania.

March 17, 1955.

Earnest Wilson, pro se.

J. Julius Levy, U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., Colonel A. G. Eger, Judge Advocate General's Corps, U. S. Army, Inglewood, Cal., Lt. Col. Cecil L. Forinash, Judge Advocate General's Corps, U. S. Army, Washington, D. C., for respondent.

FOLLMER, District Judge.

Petitioner, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, makes application in forma pauperis for a writ of habeas corpus. The petition being entirely inadequate, he was directed to supplement same with any specific facts upon which petitioner predicated his allegations.[1] Such supplement, when filed, was likewise inadequate but out of abundant caution a Rule issued and an opportunity was given petitioner to file a traverse to any response filed in order that a complete picture would be before the Court in passing on the petition. A duly verified photostatic copy of the complete court-martial proceedings was filed with the response. The court-martial record has been carefully reviewed.

His contentions may be summed up under three propositions, (1) the bare allegation that he, a Negro, was tried by a court-martial composed of white persons; (2) the unsupported allegation that the record would reveal incompetency of counsel, and (3) that "the record shows that the court depended in large upon a developement (sic) and collection of circumstances tending to sustain the inference necessary to support the verdict."

As to the first proposition, the mere fact that the court was composed solely of white persons is not in itself a denial of due process.[2] Consequently,

1. Allen v. Wilkinson, D.C.M.D.Pa., 129 F.Supp. 73.

2. 50 C.J.S., Juries, § 135; Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866.

whether the same rule as to denial of due process which is applicable to the civil courts would be equally applicable to a general court-martial convened under the Uniform Code of Military Justice, 50 U.S.C.A. § 551 et seq., does not become pertinent here. Furthermore, the question was not raised in the court-martial trial nor in any of the subsequent appellate proceedings and cannot therefore be considered by this Court.[3]

 As to the allegation that the record would reveal incompetency of counsel, this likewise could have been but was not raised in the court-martial trial, appeal or petition for review and may not be considered here when presented for the first time in an application for habeas corpus. Nor is it a matter which would be a proper subject for consideration in habeas corpus proceedings. In Hiatt v. Brown, 339 U.S. 103, 110, 70 S.Ct. 495, 498, 94 L.Ed. 691, the Supreme Court said: "We think the court was in error in extending its review, for the purpose of determining compliance with the due process clause, to such matters as * * *, the sufficiency of the evidence to sustain respondent's conviction, * * * and the competence of the law member and defense counsel." Nor does the record sustain his contention. Counsel was an attorney duly certified by the Judge Advocate General as qualified under the requirements of Article 27(b) of the Uniform Code of Military Justice and the trial record shows petitioner had a fair trial, ably represented by counsel.

 As to the contention, in substance, that the evidence does not sustain the verdict, petitioner's own statement concedes that there were "circumstances tending to sustain the inference necessary to support the verdict." The record itself amply supports the verdict. This Court, however, even if it were inclined to disagree with the verdict, could not consider this question in habeas corpus. This Court is without power to try such issue de novo.[4] As was stated in Whelchel v. McDonald, 340 U.S. 122, 124, 71 S.Ct. 146, 148, 95 L.Ed. 141, "Any error that may be committed in evaluating the evidence tendered is beyond the reach of review by the civil courts." And likewise in Humphrey v. Smith, 336 U.S. 695, 696, 69 S.Ct. 830, 831, 93 L.Ed. 986, the Supreme Court said: "But our authority in habeas corpus proceedings to review court-martial judgments does not permit us to pass on the guilt or innocence of persons convicted by courts-martial".[5]

Petitioner's application in forma pauperis for a writ of habeas corpus must therefore be denied and the Rule to Show Cause discharged.

3. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508; Suttles v. Davis, 10 Cir., 215 F.2d 760.

4. Suttles v. Davis, supra; Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691.

5. See also, Schilder v. Gusik, 6 Cir., 195 F. 2d 657; White v. Humphrey, D.C.M.D. Pa., 115 F.Supp. 317, affirmed, 3 Cir., 212 F.2d 503.