John Roy BOURCHIER, Appellant,

v.

Merle VAN METRE, Captain, United States Navy, Appellee.

No. 12524.

United States Court of Appeals District of Columbia Circuit.

Argued June 2, 1955.

Decided June 23, 1955.

Mr. Frank J. DeFrancis, Washington, D. C., with whom Messrs. Lykes M. Boykin and P. Bateman Ennis, Washington, D. C., were on the brief, for appellant.

Messrs. Lewis Carroll, Asst. U. S. Atty., and Richard J. Selman, Washington, D. C., of the bar of the Supreme Court of Iowa, pro hac vice, by special leave of Court, with whom Messrs. Leo A. Rover, U. S. Atty., Oliver Gasch, Principal Asst. U. S. Atty., and Alexander Stevas, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This appeal is from a judgment of the District Court dismissing appellant's pe-

tition for a writ of habeas corpus and discharging the writ. Appellant, a lieutenant in the United States Navy, was convicted and sentenced in a general court martial for the offense of rape committed in Corpus Christi, Texas. He was sentenced by the court martial to be dismissed from the service, to forfeit all pay and allowances, and to be confined for a period of ten years. The convening authority approved the fine and sentence but reduced the period of confinement to six years and eight months, and deferred the application of the forfeitures until completion of appellate review. The findings and sentence were approved by the Board of Review Number Six. Thereafter, the United States Court of Military Appeals denied appellant's petition for grant of review, and also denied his petition for a new trial. Later, that court denied appellant's petition for reconsideration of his petition for grant of review, and his petition for reconsideration of the petition for a new trial.

Thereupon, the petition for a writ of habeas corpus was filed, claiming errors which, it is urged, amounted to a denial of due process. After hearing, the District Court dismissed the petition, and this appeal followed.

■ We think the case may be disposed of on the authority of Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691, rehearing denied, 339 U.S. 939, 70 S.Ct. 672, 94 L.Ed. 1356. In the case before us, as in Hiatt, the general court martial had jurisdiction of the person accused and of the offense charged, and acted within its lawful powers. Here, as in that case, the correction of any errors that may have been committed by the general court martial was for the military appellate tribunals, which alone are authorized to review the decision of the general court martial.

■■ The matters of which appellant complains, even if well founded, did not

affect jurisdiction and were not of a constitutional nature. We find no violation of due process. Moreover, we cannot say that the military tribunals have failed to deal fully and fairly with appellant's contentions and, when we so conclude, our limited function is exhausted. Burns v. Wilson, 1953, 346 U.S. 137, 144, 73 S.Ct. 1045, 97 L.Ed. 1508.

We think the District Court was correct in concluding that the issues presented by the petitioner had already been raised before the military appellate tribunals, and that there was no showing that the procedure for military review was not legally adequate for determination of such issues.

Affirmed.