**John P. MITCHELL, Appellant,**

v.

**Edwin B. SWOPE, Warden, United States Penitentiary, Alcatraz, California, Appellee.**

**No. 14595.**

United States Court of Appeals
Ninth Circuit.

July 6, 1955.

Rehearing Denied Aug. 4, 1955.

A. J. Zirpoli, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

The appellant filed a petition for writ of habeas corpus in the court below asserting that he is confined in a United States penitentiary under color of a commitment from the Judge Advocate General of the Army; that this commitment was pursuant to a conviction by General Court Martial for a violation of the Articles of War, 10 U.S.C.A. § 1472 et seq., and that he is sentenced to be confined at hard labor for the term of his natural life; that he is unlawfully restrained of his liberty in that the General Court Martial that tried him was without jurisdiction to proceed in his case because the members of the court were not sworn; and that he was denied due process of law and his rights under the Fifth and Sixth Amendments to the Constitution in that he was denied the effective assistance of counsel at his trial.

No return, answer or traverse was filed in response to the petition but the trial court, proceeding in a manner similar to that suggested in Brown v. Allen, 344 U.S. 433, 503, 504, 73 S.Ct. 397, 97 L.Ed. 469, called for the record of the Court Martial trial and received and examined (a) the record of the trial before the General Court Martial, and (b), the record of the proceedings of the Board of Review of the Army which examined and reviewed the record of the petitioner's trial. The court then made an order as follows: "Recourse to certified copies of the entire record of the General Court Martial proceedings and careful examination of the same reveal the contentions of petitioner to be utterly without merit. Accordingly, the Petition for a Writ of Habeas Corpus is denied."

The record thus before the court discloses that the petition is groundless and that the trial court correctly denied it. That record discloses that "the members of the court and the personnel of the prosecution were then sworn".[1]

The contention that petitioner was denied adequate representation of counsel is based upon his claim that the denial of a requested continuance oper-

---

1. Apparently counsel for petitioner has proceeded upon the erroneous impression that only the record of the Board of Review and not the record of the trial itself was before the trial court.

ated to deprive his counsel of sufficient time for preparation. It is sufficient to say that this claim was fully and carefully examined by the Board of Review which found not only that proceeding to trial at that time was required by military necessity but that in view of the fact that defense counsel had had four days for preparation, the denial of the motion for continuance was within the sound judicial discretion of the court and that there was no showing of an abuse of that discretion.

We hold therefore that under the rule of Burns v. Wilson, 346 U.S. 137, 73 S. Ct. 1045, 97 L.Ed. 1508, the trial court properly denied the petition and the order of that court is therefore affirmed.