**Roy A. PRENTISS, Petitioner,**

v.

**J. C. TAYLOR, Acting Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**No. 308.**

United States District Court
M. D. Pennsylvania.
July 9, 1956.

Roy A. Prentiss, pro se.

J. Julius Levy, U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., Lt. Col. Cecil L. Forinash, Judge Advocate General's Corps, United States Army, Washington, D. C., for respondent.

FOLLMER, District Judge.

Petitioner, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed, in forma pauperis, his application for a Writ of Habeas Corpus.

Petitioner was originally sentenced to death in 1943. The President commuted the sentence to life imprisonment and a dishonorable discharge, and the sentence has since then been reduced by various clemency actions to fifteen and one-half years.

On January 15, 1951, he was conditionally released but recommitted on September 15, 1951, for violation of parole. He was again conditionally released on October 19, 1952, but having again violated parole, was recommitted in February 1954.

Petitioner, citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, contends that "There was no jurisdiction when this prisoner was remitted for a parole violation in September of 1951 and in May of 1954 because this prisoner had already been discharged by the Army on January 5th, 1951." United States ex rel. Toth v. Quarles, supra, had reference to military jurisdiction over civilian ex soldiers who had severed all relationship with the military and its institutions. The opinion, 350 U.S. at page 14, 76 S.Ct. at page 4, however specifically states:

"This Court has held that the Article I clause just quoted authorizes Congress to subject persons actually in the armed service to trial by court-martial for military and naval offenses. Later it was held that court-martial jurisdiction could be exerted over a dishonorably discharged soldier then a military pris-

oner serving a sentence imposed by a prior court-martial. * * *"

Article 58 of the Uniform Code of Military Justice, 50 U.S.C.A. § 639, specifically provides:

"(a) Under such instructions as the Department concerned may prescribe, any sentence of confinement adjudged by a court-martial or other military tribunal, whether or not such sentence includes discharge or dismissal, and whether or not such discharge or dismissal has been executed, may be carried into execution by confinement in any place of confinement under the control of any of the armed forces, or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use; and persons so confined in a penal or correctional institution not under the control of one of the armed forces shall be subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, Territory, District, or place in which the institution is situated." [1]

There is no doubt that there was jurisdiction to recommit him for violation of parole.[2]

■ Petitioner contends that the verdict of guilty was against the evidence. In Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 831, 93 L.Ed. 986, the Supreme Court said:

"We may at once dispose of the contention that the respondent should not have been convicted on the evidence offered. That evidence was in sharp dispute. But our authority in habeas corpus proceedings to review court-martial judgments does not permit us to pass on the guilt or innocence of persons convicted by courts-martial."

Consequently this issue cannot be relitigated here. The record has however been carefully examined. It cannot even be said that there was sharp dispute. There was ample evidence to support every element of the offense. The question of petitioner's guilt was fully considered by the trial court, the convening authority, the Board of Review, the Judge Advocate General, the Secretary of War and the President. The opinions of the Judge Advocate General (Respondent's Exhibit E) and the Board of Review (Respondent's Exhibit G) reveal a painstaking and exhaustive review of the evidence.

■ Petitioner complains that no one inquired as to the whereabouts of the murder weapon. It was neither produced nor demand made for it by the defense. As a matter of fact the testimony was that it was last seen in the hands of the defendant. He likewise complains that due to loss of memory he was not competent to stand trial. He was examined by not only one but a number of neuropsychiatrists, and the trial court on the evidence presented was fully justified in proceeding with the trial. These and other matters of a similar nature would not, in any event, be matters for habeas corpus.

In Whelchel v. McDonald, 340 U.S. 122, 124, 71 S.Ct. 146, 148, 95 L.Ed. 141, the Supreme Court said:

"There was evidence in the hearing before the District Court that petitioner may have been either insane or drunk at the time of the crime.

"We put to one side the due process issue which respondent presses, for we think it plain from the law governing court-martial procedure that there must be afforded a defend-

---

1. See also Par. 93 of Manual for Courts-Martial United States 1951.

2. O'Connor v. Hunter, 10 Cir., 192 F.2d 179; O'Malley v. Hiatt, D.C.M.D.Pa., 74 F.Supp. 44; Steele v. Humphrey, D.C. M.D.Pa., 80 F.Supp. 544; Smith v. Humphrey, D.C.M.D.Pa., 89 F.Supp. 948; McFarland v. Zuppann, D.C.M.D.Pa., 82 F.Supp. 526.

ant at some point of time an opportunity to tender the issue of insanity. It is only a denial of that opportunity which goes to the question of jurisdiction. That opportunity was afforded here. Any error that may be committed in evaluating the evidence tendered is beyond the reach of review by the civil courts."

And in Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508, the court reiterated:

"The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights. In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been exhausted. Congress has provided that these determinations are 'final' and 'binding' upon all courts. We have held before that this does not displace the civil courts' jurisdiction over an application for habeas corpus from the military prisoner. Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146. But these provisions do mean that when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. Whelchel v. McDonald, 1950, 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141.

"We turn, then, to this case.

"Petitioners' applications, as has been noted, set forth serious charges—allegations which in their cumulative effect, were sufficient to depict fundamental unfairness in the process whereby their guilt was determined and their death sentences rendered. Had the military courts manifestly refused to consider those claims, the District Court was empowered to review them de novo. * * * "

Here, as in Burns v. Wilson supra, "the military reviewing courts scrutinized the trial records before rejecting petitioners' contentions", and in lengthy opinions concluded that petitioner had been accorded a full and fair hearing.[3]

Petitioner also alleges that he has recovered his memory and seeks to present what he claims to be facts he now recalls. An attempt to co-ordinate various allegations in the papers filed by him compels one to doubt any such recovery of memory. It partakes more of an imaginative reconstruction in a light favorable to him. The question of guilt or innocence is not however, as already indicated, before us.[4] It has no bearing on the issue of whether he had a fair trial. As was stated in Suttles v. Davis, 10 Cir., 215 F.2d 760, 763, certiorari denied 348 U.S. 903, rehearing denied 348 U.S. 932, 75 S.Ct. 343, 99 L.Ed. 731, "Obviously, it cannot be said that they have refused to fairly consider claims not asserted."[5] Nor can a claim that after discovered evidence will tend to show that the accused did not commit the crime be made the basis of habeas corpus in any event.[6]

3. Easley v. Hunter, 10 Cir., 209 F.2d 483; Mitchell v. Swope, 9 Cir., 224 F.2d 365; Suttles v. Davis, 10 Cir., 215 F.2d 760, certiorari denied 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709, rehearing denied 348 U.S. 932, 75 S.Ct. 343, 99 L.Ed. 731; Bourchier v. Van Metre, 96 U.S.App.D.C. 181, 223 F.2d 646; Allen v. Wilkinson, D.C.M.D.Pa., 129 F.Supp. 73; Wilson v. Wilkinson, D.C.M.D.Pa., 129 F.Supp. 324.

4. See also Lowrey v. Hiatt, D.C.M.D.Pa., 73 F.Supp. 8.

5. See also Wilson v. Wilkinson, D.C.M.D. Pa., 129 F.Supp. 324.

6. Hauck v. Hiatt, 3 Cir., 141 F.2d 812; Figueroa v. Saldana, 1 Cir., 23 F.2d 327, certiorari denied 277 U.S. 574, 590, 48 S. Ct. 530, 72 L.Ed. 995; United States v. Kaplan, D.C.S.D.N.Y., 101 F.Supp. 7, 13,

The Rule to Show Cause will accordingly be discharged and the application for a writ of habeas corpus in forma pauperis will be denied.

affirmed 2 Cir., 102 F.2d 1019; Woollomes v. Heinze, 9 Cir., 198 F.2d 577, 579, certiorari denied 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715.