Jimmy N. SHAVER, Appellant,

v.

O. B. ELLIS, Manager Texas Prison System, Appellee.

No. 17142.

United States Court of Appeals Fifth Circuit.

May 29, 1958.

Jarrard Secrest, Temple, Tex., for appellant.

David R. Thomas, Asst. Atty. Gen., Hubert W. Green, Jr., Crim. Dist. Atty., San Antonio, Tex., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

On the eve of execution under a sentence of death which was affirmed by the Court of Criminal Appeals of Texas, Shaver v. State, 306 S.W.2d 128, 129, certiorari denied 355 U.S. 864, 78 S.Ct. 98, 2 L.Ed.2d 70, Petitioner sought habeas corpus on the ground that another had confessed [1] to the crime. The petition for habeas corpus, presented after denial of habeas corpus by the State Courts, all of the allegations of which we may take as true, states [2] what then occurred. The District Court denied the writ. This Court, not being

---

[1]. This confession was made by a former Bexar County Jail fellow inmate on February 4, 1958 a few hours before Petitioner was originally scheduled for execution.

[2]. "The Texas Board of Pardons and Paroles gave two stays of executions totaling thirty days to permit an investigation into the facts concerning the * * * confession. An investigation was made by the Criminal District Attorney of Bexar County, Texas who presented his findings to a special Grand Jury in that county. According to press reports, this Grand Jury has not made a report and has returned no indictment * * * either for murder or for perjury. The District Attorney branded the * * * confession as a 'hoax' and filed with the Board of Pardons and Paroles a statement indicating the reasons he considered the confession to be untrue. The Board recommended no executive clemency and ordered the electrocution of Petitioner to be carried out on March 7, 1958.

"On March 6, 1958, Petitioner asked leave to file an original application for Writ of Habeas Corpus in the Court of Criminal Appeals, which application also requested the Court to appoint a District Judge to adduce the facts and report them. Leave to file the application was denied. The Board of Pardons and Paroles then granted an eleven day stay of execution, during which time a petition for Writ of Certiorari was filed in the Supreme Court of the United States. The petition was denied and a motion for stay of execution was denied by Mr. Justice Black 'without prejudice to applying to an appropriate federal court.' "

fully informed, granted a stay of execution pending this hearing.

Petitioner contends that since the "confession shows on its face that he (petitioner) is innocent of the crime for which he has been convicted," a substantial federal question of denial of due process exists because he has been denied an alleged right to have this newly discovered evidence considered by a court although he assiduously avoids protestations of his innocence or of the truth of the confession and on his brief states that he is not in a position to say whether it is true or false.

■ But it is clear that questions of guilt or innocence are not matters to be considered upon petition for habeas corpus. The sole purpose of such proceedings is to test the validity or legality of the restraint of the petitioner. Widener v. Harris, 4 Cir., 60 F.2d 956; United States ex rel. Sheffield v. Waller, D.C.La., 126 F.Supp. 537, affirmed per curiam 5 Cir., 224 F.2d 280; Ex parte Banspach, 130 Tex.Cr.R. 3, 91 S.W.2d 365; and see Matter of Yamashita, 327 U.S. 1, 66 S.Ct. 340, 8, 90 L.Ed. 499, 505; 25 Am.Jur., Habeas Corpus § 27, p. 161. Newly discovered evidence in the form of a confession by another does not render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not to its legality.

This is not a new proposition. In Figueroa v. Saldana, 1 Cir., 23 F.2d 327, certiorari denied 277 U.S. 574, 48 S.Ct. 530, 72 L.Ed. 995, a confession apparently absolving the petitioner was brought to light after all time for appeal had passed. The Court stated that the confession "might be urged as the proper subject for executive clemency, but it affords no basis for judicial action." Id., 23 F.2d at page 328. It was set forth even more forcefully in McGuire v. Hunter, 10 Cir., 138 F.2d 379, 381, judgment vacated and remanded on other grounds 322 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553: " * * * confessions of the crime * * * completely absolving petitioner of any guilt therein * * * afford no basis whatever for discharge on habeas corpus." Cases of like import are not uncommon. See e. g., Hauck v. Hiatt, 3 Cir., 141 F.2d 812; United States ex rel. Uwanawich v. Hill, D.C. Pa., 31 F.Supp. 27; United States v. Kaplan, D.C.N.Y., 101 F.Supp. 7; Prentiss v. Taylor, D.C.Pa., 143 F.Supp. 416; cf. Kelly v. Ragen, 7 Cir., 129 F.2d 811.

■ Upon oral argument, counsel for the appellee conceded that the time had expired for appellant to file a motion for new trial on the ground of newly discovered evidence, and that there was no further judicial remedy in the Texas Courts for the consideration of the truth or falsity of the alleged confession. It is, however, settled that the procedure of application for executive clemency admittedly afforded appellant by the State of Texas fully meets the requirements of due process of law. Ex Parte Grossman, 1925, 267 U.S. 87, 120, 45 S.Ct. 332, 69 L.Ed. 527; United States v. Kaplan, D.C.S.D.N.Y., 1951, 101 F.Supp. 7; Elliott v. Commonwealth of Kentucky, D. C.W.D.Ky.1942, 45 F.Supp. 902, 905. The petition, note 2, supra, shows that Application for Clemency was entertained but denied.

The petition for habeas corpus presented no substantial federal question. The District Court had no jurisdiction to grant the writ.

■ Due process requires no more nor less than compliance with the orderly procedures long established in our law to assure fundamental fairness in criminal prosecutions. Executive clemency is the last link in the chain. That having been denied, the Court below was powerless to make this eleventh-hour confession the forge on which to shape another.

As the matter has been fully considered, no petition for rehearing will be entertained and no further stay will be granted. To afford appellant's counsel an opportunity, if he so desires, to seek relief from the Supreme Court of the United States or a Justice thereof, but

to avoid unnecessary delay, it is directed that the stay remain in effect until ten days from the date of this decision at which time the mandate of this Court shall issue instanter.

The judgment is affirmed.