Willie C. HARRIS, Jr., Plaintiff,
v.
**UNITED STATES of America**
and
Ernest J. White, Defendants.
Civ. A. No. 62–8.

United States District Court
D. Massachusetts.
April 18, 1962.

Keesler H. Montgomery, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Daniel Bickford, John J. Curtin, Jr., Asst. U. S. Attys., Boston, Mass., for defendants.

CAFFREY, District Judge.

This is a civil action in the nature of a bill in equity in which plaintiff, Willie C. Harris, Jr., a Staff Sergeant in the United States Air Force stationed at Otis Air Force Base, Massachusetts, seeks injunctive relief and money damages against both the United States and the individual defendant, Colonel Ernest J. White, Commanding Officer of Otis Air Force Base.

Specifically, plaintiff seeks (1) a mandatory order directing Colonel White to remove from plaintiff's military records "the entire proceedings and the record insofar as it shows a court-martial record of the plaintiff for not obeying the directive dated October 27, 1961 * * *;" (2) a money judgment in the sum of $400.00 to compensate plaintiff for expenses of living off the Post during the month of December 1961; and (3) an injunction barring defendants from directing plaintiff and his family to vacate Government quarters.

Both defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

The allegations of the complaint must be taken as true for the purposes of this motion, and the complaint itself must be construed in the light most favorable to the plaintiff, (Abel v. Munro, 110 F.2d 647 (C.A.2, 1940), and the complaint is not to be dismissed if it recites a claim upon which relief can be granted even absent the allegation of facts sufficient to constitute a cause of action. Joseph v. Farnsworth Radio & Television Corp., 99 F.Supp. 701, 704 (S.D.N.Y. 1951). Likewise it should be noted that the complaint should not be dismissed on this motion unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts that might be proven in support of his claim. Mullen v. Fitz Simons & Connell Dredge & Dock Co., 172 F.2d 601 (C.A.7, 1948).

Defendants' first basis for their motions to dismiss is the failure of the complaint to set forth a specific basis of this Court's jurisdiction. The complaint recites that jurisdiction is based upon Sections 1 and 2 of Article III of the Constitution of the United States and upon subsequent Congressional action creating the United States district courts. The creation by Congress of Federal district courts, pursuant to the power so to do given to Congress in Article III of the Constitution, did not invest district courts with "across-the-board" jurisdiction as to all cases in which the United States is a party. On the contrary, the district courts "take jurisdiction in * * * enumerated cases but it requires an act of Congress to confer it." Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S. Ct. 79, 67 L.Ed. 226 (1922). As was observed by Chief Justice Stone in Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943), "Congressional power to ordain and establish inferior [Federal] courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.' "

Professor Moore points out, "The first point of reference in determining whether a lower Federal court has jurisdiction over a case is a Federal statute or statutes. *If there is no statutory ground Federal jurisdiction is* lacking. * * *" (Moore's Federal Practice, 2d Ed., Vol. 1, p. 605). (Emphasis added.) No statutory grounds of jurisdiction are alleged herein.

Plaintiff may not establish the existence of jurisdiction of this Court to determine the specific controversy alleged in the complaint merely on the basis of a reference to Article III of the Constitution.

Plaintiff contends that this action is not brought under the Federal Tort Claims Act, "although it could very well be brought under such statute because that statute is no bar to this action," citing Feres v. United States, 340 U.S. 135, 140, 71 S.Ct. 153, 95 L.Ed. 152. In its opinion in Feres, the Court observed with reference to the intend-

ment of the Federal Tort Claims Act (at p. 142, 71 S.Ct. at p. 157): "Its effect is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities \* \* \* ;" and (at p. 146, 71 S.Ct. at p. 159): "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Feres decision gives no support to plaintiff's position in this case.

■ The only reference to plaintiff's involvement in a court-martial is the rather cryptic statement in paragraph 9 of the amended complaint to the effect that "Sergeant Harris \* \* \* was subsequently given a court-martial for not obeying the directive, which court-martial was given in the month of December 1961." The complaint does not state whether the court-martial referred to was a special, summary, or general court-martial, whether or not defendant was found guilty thereby, what sentence, if any, was imposed, or what action, if any, was taken to seek a review by either a Board of Review or the Court of Military Appeals. Likewise no specific statement is made in the complaint as to the alleged denial of any substantive or procedural rights of plaintiff in connection with such court-martial. Assuming, for purposes of this motion, that the complaint was intended to allege that plaintiff was found guilty by a court-martial of some sort, this action must be dismissed (1) primarily because of plaintiff's failure to establish jurisdiction of this Court to entertain an action seeking injunctive relief against the United States (Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956)); (2) because to the extent it seeks relief in the nature of mandamus, this Court lacks jurisdiction (Marshall v. Crotty, 185 F.2d 622 (1 Cir. 1950)); (3) because to the extent that it seeks review of a decision of a court-martial, this Court lacks appellate jurisdiction over a court-martial (Thomas v. Davis, 249 F.2d 232 (10 Cir.

1957)); Bourchier v. Van Metre, 96 U.S.App.D.C. 181, 223 F.2d 646 (1955); (4) because to the extent that it seeks money damages the claim is specifically barred by 28 U.S.C.A. § 1346(d) (2), as well as by the ruling in Feres v. United States, supra; and, finally, to the extent that it seeks relief against the individual defendant, who is sued expressly as an agent of the United States (paragraph 2 of the complaint), the action must fail because the shield of sovereign immunity extends to him (Ragan v. Madigan, 194 F.Supp. 19 (N.D.Cal.1961)).

The motions to dismiss are allowed. Complaint dismissed.