937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alvin Lee WRIGHT, Plaintiff-Appellant,
v.
STATE OF SOUTH CAROLINA, Atty Genl of SC, Respondents-Appellees.
 No. 91-7067.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 28, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-90-2344-3-K)
 Alvin Lee Wright, appellant pro se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 DISMISSED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Wright seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The district court found that under South Carolina law Wright was not entitled to a new trial based on his alleged newly discovered evidence. The newly discovered evidence was the confession of Henry Austin to the armed robbery for which Wright was convicted and is now serving a prison sentence. Wright received a hearing on his unsuccessful post-conviction relief petition in the South Carolina state courts. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 A federal habeas corpus petitioner must do more than show that his allegedly new evidence is relevant to his guilt. Townsend v. Sain, 372 U.S. 293, 317 (1963). He must show that the evidence could not reasonably have been presented to the state trier of fact and the evidence must bear on the constitutionality of his detention. Id. Thus, the grounds for habeas relief based on newly discovered evidence are "exceedingly narrow." Stockton v. Virginia, 852 F.2d 740, 749 (4th Cir.1988), cert. denied, 489 U.S. 1071 (1989). Newly discovered evidence in the form of a confession by another does not "render the conviction void and subject to collateral attack by habeas corpus because it goes to the merits of the conviction, not its legality." Smith v. Wainwright, 741 F.2d 1248, 1257 (11th Cir.1984) (quoting Shaver v. Ellis, 255 F.2d 509, 511 (5th Cir.1958)), cert. denied, 470 U.S. 1087 (1985)).
 
 
 3
 Wright alleged only that he did not commit the robbery but that Henry Austin did and has admitted it. This allegation may be relevant to Wright's guilt but it does not bear on the constitutionality of his conviction. Smith, 741 F.2d at 1257. Thus, the district court properly denied habeas relief. See Townsend, 372 U.S. at 317; Stockton, 852 F.2d at 749.
 
 
 4
 Moreover, even if we were to consider Austin's confession, we would agree with the district court and state courts which found that the confession reasonably could have been presented at Wright's trial. Even though at the time of Wright's trial there were only rumors that Austin committed the robbery, Wright had the ability and opportunity to subpoena Austin to trial and allow the jury to hear Austin's confession. Therefore, habeas relief could not be granted even if we found that Wright's allegation raised a constitutional defect in his conviction. Townsend, 372 U.S. at 317.
 
 
 5
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. In addition, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.