Wayne E. BOWERS, et al., Plaintiffs,

v.

ALLIED INVESTMENT
CORPORATION, et
al., Defendants.

ALLIED INVESTMENT
CORPORATION, et
al., Plaintiffs,

v.

GAGAN, WHITE & CO.,
et al., Defendants.

Civ. No. 91–0021–B.

United States District Court,
D. Maine.

May 26, 1993.

Richard E. Poulos, Poulos, Campbell & Zendzian, John A. McArdle, III, Daniel G. Lilley Law Offices, P.A., Portland, ME, for plaintiffs.

Ronald R. Massumi, Washington, DC, Harrison L. Richardson, Richardson & Troubh, Portland, ME, for defendants Allied, Williams, Russell, Parker, Gladstone and Browne.

Laurie B. Perzley, Friedman & Babcock, Portland, ME, for defendant Leo Madden.

Thomas C. Newman, Murray, Plumb & Murray, Portland, ME, for defendant Ralph Dyer.

Alan C. Geolot, Sidley & Austin, Washington, DC, Gerald F. Petruccelli, Petruccelli & Martin, Portland, ME, for defendant KPMG Peat Marwick.

Lee Gagan, pro se.

Richard P. White, pro se.

## ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

This matter is before the Court on Defendants KPMG Peat Marwick, Jon C. Madonna, Thomas E. Dailey and George Lambert's (collectively referred to as "Peat Marwick") Motion to Dismiss Counts VI, VII and part of Count VIII of the First Amended Complaint filed against them in *Allied Investment Corp., et al., v. Gagan, White & Co., et al.,* (Civ. No. 92–0057–B). The *Allied* case was subsequently consolidated with this case. Peat Marwick moves to dismiss Count VI of the Amended Complaint, which alleges violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Peat Marwick also moves to dismiss Count VII, alleging violations of the Maine Revised Securities Act, 32 M.R.S.A. §§ 10201 and 10605, and Count VIII, alleging negligent misrepresentation, for failure to state claims upon which relief can be granted and for lack of subject matter jurisdiction. For the reasons stated herein, Peat Marwick's Motion to Dismiss is *GRANTED* with respect to Count VII and *DENIED* with respect to both Counts VI and VIII.

### I. *Background*

Plaintiffs Allied Investment Corporation, Allied Venture Partnership, Allied Technology Partnership, Allied Capital Advisers, Inc., and Allied Investment Corporation II (collectively referred to as "Allied") allege injury from financial information provided by Peat Marwick. Plaintiffs assert that Peat Marwick provided audited and unaudited financial statements, and other information concerning the financial condition of Consolidated Auto Recyclers, Inc. ("CAR"), which Allied used in connection with its purchase of CAR securities beginning in October of 1989.

On July 30, 1991, Allied filed its Complaint against Peat Marwick in the District Court for the District of Columbia. By Order dated February 7, 1992, that court transferred the *Allied* case to this District. By Order dated May 11, 1992, this Court directed Peat Marwick to answer or move with respect to the *Allied* Complaint within twenty days of this Court's ruling on Peat Marwick's then-pending Motion to Dismiss Allied's third-party Complaint in *Bowers, et al. v. Allied, et al.,* (Civ. No. 91–0021–B). On May 12, 1992, this Court dismissed Peat Marwick from *Bowers* but consolidated the two cases. Peat Marwick subsequently moved to dismiss the *Allied* Complaint but, because a stay was issued as a result of an evidentiary issue in the *Bower's* case (leading to another lawsuit entitled *Williams, et al., v. Poulos, et al.,* (Civ. No. 92–0069–B)), this Court terminated Peat Marwick's Motion to Dismiss by Order dated August 20, 1992. The Court directed Peat Marwick to refile or renew its motion after the stay was lifted. Peat Marwick refiled its motion on March 5, 1993. That motion is the subject of this Order.

## II. *Discussion*

### A. *The Federal Securities Law Claims—Count VI.*

█ Allied alleges that Peat Marwick committed securities fraud by knowingly or recklessly making materially false and misleading representations regarding CAR's financial condition upon which Allied relied to its detriment. Peat Marwick argues that Allied's averments in this regard are classic examples of "boilerplate allegations" that fail to meet the standards of Fed.R.Civ.P. 9(b). Additionally, Peat Marwick asserts that there is not one single factual assertion that Peat Marwick acted with scienter, an essential element of a claim for securities fraud. Peat Marwick also argues that Allied has failed to identify the fraudulent misrepresentations with sufficient particularity.

Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally." Fed.R.Civ.P. 9(b). "One of the main purposes of the rule is to apprise the defendant of fraudulent claims and of the acts that form the basis for the claim." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985) (citations omitted). The particularity requirement of Rule 9(b) has been held to apply to private causes of action based on section 10(b) and Rule 10b–5 because "fraud lies at the core of the action." *Id.* This Circuit has interpreted Rule 9(b) to require "specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980) (citations omitted).

After reviewing the Complaint and the parties' memoranda, the Court is satisfied that Count VI is stated with the particularity required by Rule 9(b). While not stated with the utmost specificity, the content of the alleged false representations can be gleaned from Allied's Amended Complaint, paragraphs 39 and 73. These paragraphs put Peat Marwick on notice that the statements at issue pertain to Peat Marwick's representations regarding CAR's inventory, net worth and operations. The time and place of such representations are identified as follows: the 1988 audited financial statements produced by Peat Marwick; the financial statements for January 1 to August 31, 1989 faxed to Allied on October 27, 1989; Thomas Dailey's oral representations of about that same date concerning those statements; the monthly financial statements for July, August and September 1989; Thomas Dailey's October 27, 1989 representations about the statements for July through September, 1989; the financial statements for January 1 to August 31, 1989 received by Allied on November 17, 1989; the financial statements for January through August, 1989 faxed by Peat Marwick to Allied on January 4, 1990; and George Lambert's January 4, 1990 representations about the January through August financial statements. (Am.Compl. at ¶¶ 28, 31 and 32.)

█ In addition to specifying the time, place and content of the alleged false representations, Plaintiffs are required to plead a factual basis that would make it reasonable to determine that a statement was materially false or misleading. *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir.1992) (citations omitted). While Plaintiffs need not specify the circumstances or evidence from which fraudulent intent could be inferred, the complaint must provide some factual support for the allegations of fraud. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir.1991) (citations omitted). This requirement applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party. *Id.*

The Court is satisfied that Allied's Amended Complaint meets the factual basis requirement of Rule 9(b). Paragraph 39 of Allied's Amended Complaint alleges that in July, 1990 an industry expert found that CAR's inventory "was, *and had historically been,* substantially overstated" and that a subsequent appraisal performed by another industry expert confirmed this conclusion. (Am. Compl. at ¶ 39) (emphasis added). Further, Allied's pleading states that on August 8, 1990, Richard Lee, CAR's former CFO, said to an Allied representative that the CAR

financial statements were "grossly and materially misrepresented" and that this had been going on for a long time. (Am.Compl. at ¶ 40.) These assertions fulfill the requirements of Rule 9(b) and distinguish this case from both the *Greenstone* and *Romani* cases upon which Peat Marwick relies.

In *Greenstone* and *Romani* the courts found that the pleadings in question were not specific enough because they attempted to infer from later events a prior knowledge concerning the likelihood of such events. The courts dismissed these federal securities fraud complaints because the complaints made no allegations other than "fraud by hindsight" to suggest that the representations made were actually false. *Romani v. Shearson Lehman Hutton*, 929 F.2d at 878–879; *Greenstone v. Cambex Corp.*, 975 F.2d at 25–26. In this case, statements of a former CAR CFO and analyses done by industry experts are alleged to support the contention that CAR's financial statements were materially false or misleading at the time of Peat Marwick's involvement. Because the factual support for Plaintiffs' fraud allegations is not based on hindsight, *Romani* and *Greenstone* are inapposite.

The Court is satisfied that Allied's Amended Complaint states the time, place and content of the alleged misrepresentations with enough specificity to satisfy Rule 9(b) and provides a factual basis from which fraud could be inferred. Accordingly, Peat Marwick's Motion to Dismiss with regard to Count VI is *DENIED*.[1]

### B. The Maine Blue Sky Law Claims—Count VII.

Peat Marwick argues that Count VII of Allied's Amended Complaint fails to state a claim upon which relief can be granted. Count VII alleges violations of the Revised Maine Securities Act, 32 M.R.S.A. § 10605(1). Section 10605 provides in pertinent part:

Any person who *offers or sells* a security in violation of section 10201 ... is liable to the person purchasing the security *from that person.*

32 M.R.S.A. § 10605(1) (1992) (emphasis added).

Section 10201 provides:

In connection with the offer, sale or purchase of any security, a person shall not, directly or indirectly:

1. Fraud. Employ any device, scheme or artifice to defraud;

2. Untrue statements, material omissions. Make any untrue statements of material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or

3. Deceptive practices. Engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

32 M.R.S.A. § 10201.

Section 10605(3) imposes liability on those who directly or indirectly control the seller, on certain employees of the seller and on broker-dealers who materially aid in the act or transaction constituting the violation. 32 M.R.S.A. § 10605(3).

Peat Marwick argues that the Maine Act is inapplicable here because Peat Marwick was not a "seller" for purposes of section 10605(1) and because Allied has not, and can not, argue that Peat Marwick is a "person who directly or indirectly controls the seller," or a broker-dealer for purposes of liability under section 10605(3). We agree.

In *Xaphes v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, Judge Carter held that section 10605's predecessor did not subject brokers to liability as "sellers." 597 F.Supp. 213, 215 (D.Me.1984). The predecessor to section 10605 imposed liability on "[a]ny person who offers or sells a security...." 32 M.R.S.A. § 881 (1978). A 1981 amendment

---

1. Because the Motion to Dismiss regarding the federal securities claims is denied, and because the federal and state claims are "derive[d] from a common nucleus of operative fact," Defendants' request that this Court decline to exercise jurisdiction over the pendent Maine causes of action is *DENIED* as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

to section 881 detailed liability for persons who had not been specifically named under the original statute, including dealers and agents who materially aid in the sale of securities. Because the amendment referred to dealers who materially aid in the sale as *nonsellers,* Judge Carter reasoned that such dealers could not have been sellers under the statute before the more specific language was added. *Xaphes,* 597 F.Supp. at 215. Therefore, Judge Carter held that liability for brokers and dealers did not exist before the amendment. *Id.*

For similar reasons, this Court is satisfied that accounting firms can not be considered "sellers" for purposes of section 10605. Section 10605(1) states that persons who offer or sell a security in violation of other sections of the Act can be held liable. While Allied asserts that this language should be interpreted to include anyone whose participation in the buy-sell transaction is a substantial factor in causing the transaction to take place, the fact that section 10605(3) details liability against *specific persons* who may materially aid in the transaction constituting the violation suggests that the legislature did not intend section 10605(1) to subject *any person* who may materially aid the transaction to liability as a "seller." Like the Pennsylvania District Court in *Schor v. Hope,* "the court must assume that if the ... legislature intended to do something as controversial as subjecting professionals who provide support services on a contract basis to liability under its securities law, it would have been precise in doing so." No. 91–0443, 1992 WL 22189, at 6, 1992 U.S. Dist. LEXIS 1083, at 17 (E.D.Pa. Feb. 4, 1992). There is no indication in the language of section 10605 that the Maine legislature intended to subject outside accounting firms to liability as sellers. Accordingly, Peat Marwick's Motion to Dismiss with regard to Count VII is *GRANTED.*

### C. The Negligent Misrepresentation Claim—Count VIII.

Peat Marwick asserts that Allied has also failed to state a claim under Maine law for negligent misrepresentation regarding the 1988 audit of CAR's financial statements. Count VIII alleges that Peat Marwick made statements which did not accurately reflect CAR's financial condition. Count VIII further alleges that Peat Marwick was aware of the use to which the financial information was to be put by Allied. While Allied's Complaint and memorandum opposing Peat Marwick's motion both assert that Peat Marwick knew that Allied was relying upon the 1988 audited financial statements in evaluating the purchase of CAR securities, Allied does not specifically allege that Peat Marwick knew of the use to which the information would be put at the time it made its representations to CAR.

Maine has adopted section 552 of the Restatement (Second) of Torts as the appropriate standard for negligent misrepresentation claims. *See Diversified Foods, Inc. v. First Nat'l. Bank,* 605 A.2d 609, 615 (Me.1992). The elements of negligent misrepresentation are set forth in section 552(1) of the Restatement. Section 552(1) states:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information, for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977).

Section 552(2) of the Restatement limits liability for negligently supplying information for the guidance of others to loss suffered:

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

Restatement (Second) of Torts § 552(2) (1977).

The Restatement is representative of the modern trend away from requiring strict contractual privity between professionals and

those injured by information negligently supplied by professionals. The Restatement allows a restricted group of third parties to recover for pecuniary losses attributable to inaccurate financial statements. The restricted group includes third parties whom the accountant intends to influence and those to whom the accountant knows their clients intend to influence.

Allied's memorandum in opposition to this motion asserts two theories for holding Peat Marwick liable for negligent misrepresentation. First, Allied argues that Peat Marwick had direct, actual knowledge of Allied's impending reliance. Allied asserts that after failing to prevent this reliance, Peat Marwick may not now argue that the Restatement's limitations bar suit.

The Restatement does not appear to address situations where a professional's alleged actual knowledge of reliance comes *after* the preparation of the work but *before* the recipient's actual reliance. If, as Allied asserts, Peat Marwick had actual knowledge that Allied would rely on the information provided to CAR and did nothing to prevent such reliance, a colorable claim for negligent misrepresentation may lie because Peat Marwick may be found to have, in effect, consented to the use of the information after it was provided to CAR. While the Restatement seeks to allow professionals to retain some control over their liability exposure *at the time* they actually perform their services, professionals can not invoke the Restatement's limitations on liability if they allow third parties to use their work after performing the actual service. Therefore, on the basis of Allied's allegations suggesting Peat Marwick had knowledge of impending reliance, the Court is not satisfied that Peat Marwick is entitled to dismissal of this claim.

Allied's second argument regarding Peat Marwick's potential negligent misrepresentation liability focuses on the allegation that Peat Marwick knew, at the time it was engaged by CAR, that a limited group of capital investors would be relying on the financial statements it provided to CAR. Allied argues, therefore, that this case falls squarely within section 552(2) of the Restatement.

Allied's Complaint alleges that financial statements prepared by Peat Marwick were included in CAR's Offering Memorandum and that Peat Marwick was aware of Allied's reliance on the 1988 audited financial statements. (Am.Compl. at ¶¶ 23 and 88.) The Complaint's allegations regarding Peat Marwick's knowledge are somewhat vague and summarily stated. However, a complaint should not be dismissed if it recites a claim upon which relief can be granted, even absent allegations of fact sufficient to constitute the cause of action. *Harris v. U.S.,* 204 F.Supp. 228, 229 (D.Ma.1962) *aff'd,* 308 F.2d 573 (1st Cir.1962). The Court is not persuaded at this stage of the proceedings that Allied is incapable of proving a set of facts which would entitle it to relief. Accordingly, Peat Marwick's Motion to Dismiss Count VIII's allegations regarding the 1988 financial information is *DENIED.*

### III.  Conclusion

The Court is satisfied that the federal securities violations are stated with the particularity necessary under Federal Rule of Civil Procedure 9(b). The Court is also satisfied that the Amended Complaint states a claim for negligent misrepresentation. However, the Court is not persuaded that the allegations against Peat Marwick based on the Maine Securities Act are sufficient to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss is *GRANTED* in part, and *DENIED,* in part.

*SO ORDERED.*