STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-132

RLC-CUM - 1/24/2c

HOMEOWNERS' ASSISTANCE CORP.,  )
        Plaintiff,  )
          )
v.  )
          )
MERRIMACK MORTGAGE CO., INC.,  )    ORDER ON THIRD
TIMOTHY FREDHEIM and MARC CROCKER,  )    PARTY DEFENDANTS'
        Defendants/  )    MOTION TO DISMISS
        Third Party Plaintiffs,  )
          )
v.  )
          )
MURRAY, PLUMB & MURRAY and  )
THOMAS NEWMAN,  )
        · Third Party Defendants.  )

## BACKGROUND

Before Kraig Burnham ("Burnham") left Plaintiff Homeowners' Assistance

Corp.'s ("Homeowners") employ[1] to start working for Merrimack Mortgage

Company ("Merrimack"), he hired Attorney Thomas Newman of Murray, Plumb &

Murray, to give him legal advice regarding a non-competition agreement he had

signed with Homeowners. Third Party Claim ("TPC"), ¶4. Allegedly, Newman

"represented Kraig Burnham in 1995 and 1997 in providing advice as to any

obligations that Burnham or his employees would be under when they left

[Homeowners] and went to work for [Merrimack]." Id. Burnham became president

of Merrimack, and Newman continued to represent him until 1998. Id. at ¶¶4-5.

The instant suit was brought by Homeowners when two of its other

---

[1] The pleadings fail to state the date Burnham ceased working at Homeowners.

employees, Timothy Fredheim and Marc Crocker, left their jobs to work for Merrimack. Defendants Merrimack, Fredheim and Crocker, in their answer, asserted a third party claim against Newman and Murray, Plumb & Murray ("TPDs"). Defendants assert that "Third-Party Plaintiffs Crocker and Fredheim were foreseeable recipients of the legal advice provided by the Third-Party Defendants. The actions that the Third-Party Plaintiffs ("TPPs") took in 1998 "in order to comply with the non-competition and confidentiality agreement were based on the advice received from the Murray, Plumb & Murray Defendants." TPC, ¶4. Defendants claim that the third party defendants are ultimately responsible for damages and indemnity in the event that Defendants are held liable to Homeowners. TPC, ¶6.

TPDs moved to dismiss the third party complaint and also moved for sanctions against TPPs for bringing a frivolous third-party claim. They base their motion on the argument that TPPs lacked privity with Newman, and could therefore not recover on a professional malpractice claim against them.

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss will be granted in favor of the movant only where the pleadings show beyond doubt that the complaint states no factual basis for recovery. See Livonia v. Town of Rome, 1998 ME 39, ¶5, 707 A.2d 83, 85 (Me. 1998). In the context of a motion to dismiss, a court must take the pleadings as admitted and construe the facts pled in the light most favorable to the claimant, to determine whether the complaint "sets forth elements of a cause of action or alleges facts that

would entitle the plaintiff to relief pursuant to some legal theory." Id.

The focus of the court's inquiry is on paragraph four of the TPC. It states, in its entirety:

> "The Murray, Plumb & Murray Defendants represented Kraig
> Burnham in 1995 and 1997 *in providing advice as to any*
> *obligations that Burnham or his employees* would be under
> when they left Homeowner's [sic] Assistance Corporation and
> went to work for Merrimack Mortgage Company, Inc. Third-Party
> Plaintiffs *Crocker and Fredheim were foreseeable recipients* of the
> legal advice provided by the Third-Party Defendants. The actions
> that the Third-Party Plaintiffs took in 1998 in order to comply with
> the non-competition and confidentiality agreement *were based on*
> *the advice* received from the Murray, Plumb & Murray Defendants."

(emphasis added)

The issue at this stage in the proceedings is whether TPPs have stated a claim against TPDs based on the facts alleged in the TPC. A fair reading of the pleading shows that TPPs have stated a claim for negligent misrepresentation. The cause of action is recognized in the Restatement (Second) of Torts, §552; see also Perry v. H.O. Perry & Son Co., 1998 ME 131, ¶5, 711 A.2d 1303, 1305 (Law Court has adopted the Restatement's version of the tort of negligent misrepresentation). It provides:

(1)    One who, in the course of his business, profession or
       employment, or in any other transaction in which he
       has a pecuniary interest, supplies false information for
       the guidance of others in their business transactions,
       is subject to liability for pecuniary loss caused to
       them by their justifiable reliance upon the information,
       if he fails to exercise reasonable care or competence in
       obtaining or communicating the information.
(2)    .... the liability stated in Subsection (1) is limited to loss
       suffered
       (a)    by the person or one of a limited group of persons
              for whose benefit and guidance he intends to
              supply the information or knows that the recipient

3

> intends to supply it; and
>
>(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
>. . .

The specific recipient of the information need not be known to a defendant. See §552 comment h; illustrations 6, 8. The tort of negligent misrepresentation imposes liability when:

>(1) the defendant is acting in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; and
>
>(2) the defendant supplies faulty information meant to guide others in their business transaction; and
>
>(3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and
>
>(4) the plaintiff justifiably relies upon the information.

Menuskin v. Willams, 145 F.3d 755, 763 (6th Cir. 1998). A fair reading of the complaint shows that Burnham provided the information during the course of his profession for the guidance of others in their business transactions. The complaint also alleges that the TPPs relied on the information and may become liable to Plaintiffs for their actions taken in reliance on the information. Furthermore, the complaint alleges that Fredheim and Crocker belonged to a group of persons that were "foreseeable recipients" of the information, since it alleges that Burnham sought information regarding the implications of the non-competition agreement for him "or his employees." See TPC ¶4.

II. Attorney Liability for Negligent Misrepresentation

Maine case law is well settled that third parties may not bring an action for

4

professional malpractice against an attorney if they do not have privity of contract with that attorney. See, e.g., Nevin v. Union Trust Co., 1999 ME 47, ¶¶39-42, 726 A.2d 694, 701 (will beneficiaries do not have standing to sue estate planning attorneys for malpractice because they are not the client). The Law Court's recent unwavering affirmation of this premise in Nevin undercuts TPPs' citation of Maine Tort Law, Zillman, Simmons & Gregory, §9.26 at 9-61 n.199 (1995), which theorizes that there is a growing trend among courts to recognize legal malpractice claims brought by third parties[2].

Professional malpractice is one basis upon which an attorney can be held liable for giving poor advice. A client may recover from an attorney for professional malpractice if the attorney breaches the standard of care owed to that client. See, e.g., Fisherman's Wharf Assocs. II v. Verrill & Dana, 645 A.2d 1133, 1136 (Me. 1994). Such liability is possible where there is a duty of care arising out of the attorney-client relationship. Id. ("duty to exercise that degree of skill, care and diligence exercised by members of that same profession"). Where there is a lack of privity between the complainant and the attorney, the complainant may not sue the attorney for professional malpractice. See, e.g., Nevin, 1999 ME 47, ¶¶39-424, 726

---

[2] The facts of this case as alleged place the TPPs in a position considerably different from that of a will beneficiary. Here, TPPs allege that Burnham, the client, was in effect a representative member of a group known to Newman, that they made a forseeably and justified affirmative decision in reliance upon the advice supplied. In the case of a will beneficiary, by contrast, the advice given to the client does not cause the beneficiary to make a decision or undertake an act based on that advice. Due to their alleged reliance on Newman's advice, TPPs could make a better argument regarding a professional malpractice claim than could a will beneficiary. However, the Law Court foreclosed such a possibility in Nevin, 1999 ME 47, ¶¶39-42, 726 A.2d at 701. The facts of this case are not so distinguishable from Nevin as to allow a departure from its holding that privity between the claimant and attorney is necessary to assert a professional malpractice claim.

A.2d 694, 701; Brown v. Maine State Employees Assoc., 1997 ME 24, ¶10, 690 A.2d 956, 960.

Privity need not be proved in a claim for negligent misrepresentation[3]. See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787, 792 (Tex. 1999) ("section 552 imposes a duty to avoid negligent misrepresentation, irrespective of privity"); Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver, 892 P.2d 230, 236 (Colo. 1995) (allowing negligent misrepresentation claim against attorney who knows representations made in opinion letters would be relied upon by a non-client). However, courts have been more apt to allow a negligent misrepresentation claim where the information is intended to benefit both the client and the non-client claimant. See Kirkland Const. Co. v. James, 658 N.E.2d 699, 701 (Mass. App. Ct. 1995) review denied 661 N.E.2d 935 (Mass. 1996). Here, TPPs allege that Burnham hired Newman to provide advice as to the obligation of both Burnham "or his employees" pertaining to the non-competition agreement. See TPC, ¶4.

A negligent misrepresentation claim is not equivalent to a professional malpractice claim. See McCamish, 991 S.W.2d at 792, citing Horizon Financial v. Hansen, 791 F.Supp. 1561, 1574 (N.D. Ga. 1992) (a negligent misrepresentation claim is based not on a duty owed to a client but on "an independent duty to the nonclient based on the professional's manifest awareness of the nonclient's reliance on the

---

3 A typical will beneficiary would not be able to assert negligent misrepresentation as an alternative ground for imposing liability on the attorney who drafted the will, for the factual reasons stated in footnote 1, supra. The claimants here, unlike will beneficiaries, were foreseeable recipients of Newman's advice, and acted pursuant to it.

6

misrepresentation and the professional's intention that the nonclient so rely"). Applying Maine law, the federal District Court of Maine has held that accountants can be liable, without privity, for negligent misrepresentation. See, e.g., Allied Investment Corp., v. KPMG Peat Marwick, 872 F.Supp. 1076 (D. Me. 1995) (refusing to grant summary judgment in favor of accountant on negligent misrepresentation claim); Bowers v. Allied Investment Corp., 822 F.Supp. 835, (D. Me. 1993) (holding that accountant may be liable for negligent misrepresentation and stating "[t]he Restatement is representative of the modern trend away from requiring strict contractual privity between professionals and those injured by information negligently supplied by professionals"). Many other jurisdictions have held that attorneys may be liable to nonclients for negligent misrepresentation. See, e.g., Menuskin, 145 F.3d at 763-64 & n.3; Molecular Tech. Corp. v. Valentine, 925 F.2d 910, 915-16 (6th Cir. 1991); Greycas, Inc. v. Proud, 826 F.2d 1560, 1564-65 (7th Cir.) (attorney liable to lender where he misrepresented that his client's machinery to be used as collateral for loan was free from other encumbrances), cert denied 484 U.S. 1043 (1988); Petrillo v. Bachenberg, 655 A.2d 1354, 1359-60 (N.J. 1995) (duty to con-client arises where attorneys should foresee that conduct or advice will induce reliance by third parties); Kirkland Constr. Co. v. James, 658 N.E.2d 699, 700-02 (Mass. App. 1995) (plaintiff contractor stated claim against office supply firm's attorneys who represented that office supply firm could pay for construction work); Prudential Ins. Co. of America v. Dewey Ballantine, Bushby, Palmer & Wood, 605 N.E.2d 318, 320 (N.Y. 1992) (attorney could be liable if relationship between attorney and third

party was "so close as to approach that of privity").

The Law Court has not placed any restrictions on the use of §552 as a basis for liability on professionals, and this court does not discern any reason that the cause of action should not apply to attorneys. Policy reasons do not prevent application of §552 to attorney negligence. See McCamish, 991 S.W.2d at 793. Application of §552 to attorneys does not threaten attorneys with "unlimited liability" because subsection (2) of §552 limits the class of potential plaintiffs. Subsection (2) instructs that the attorney must be aware of the potential plaintiffs and must intend that they rely on the advice, and also that the plaintiffs justifiably rely on the advice. Id. Further, attorneys can limit liability by making disclaimers about intended recipients of the information and the content of the information. Id.; see also One National Bank v. Antonellis, 80 F.3d 606, 612 (1st Cir. 1996) (refusing to hold attorneys liable where certificate of title included express disclaimer in capital letters). For all of the foregoing reasons, because TPPs have stated a claim for negligent misrepresentation, the Motion to Dismiss is Denied.

The entry is

Third Party Defendants' Motions to Dismiss the third party complaint are DENIED. Third Party Defendants' Motions for Sanctions is DENIED.

Dated:   January 24, 2000

_____
Robert E. Crowley
Justice, Superior Court

8

Date Filed  03-02-99  _____CUMBERLAND_____  Docket No. __CV 99-132__

County

Action ___CONTRACT_____

HOMEOWNER'S ASSISTANCE CORPORATION

MERRIMACK MORTGAGE COMPANY INC.
TIMOTHY FREDHEIM
MARC CROCKER
              VS.
MURRAY, PLUMB & MURRAY and
THOMAS NEWMAN (3rd Party Defs.)

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS C. NNEWMAN, ESQ  773-5651<br>CHARLES P. PIACENTINI, JR. ESQ<br>PO BOX 9785, PM 04104 | JOHN S. CAMPBELL, ESQ    775-2330 (all)<br>PO BOX 369, PM 04112 |

**DONALD L. GARBRECHT**
LAW LIBRARY

FEB 7 2000

| Date of Entry | |
|---|---|
| 1999<br>Mar. 04 | Received 03-02-99:<br>Complaint Summary Sheet filed.<br>Complaint with Exhibit 1 and 2 filed. |
| "      " | |
| Mar. 16 | Received 03-15-99:<br>Summonses filed.<br>Merrimack Mortgage Company, Inc. served to C.T. William Richardson on 03-05-99. |
| "      " | Timothy Fredheim served on 03-11-99. |
| "      " | Marc Crocker served on 03-04-99. |
| Mar. 23 | Received 03-22-99:<br>Defendants' Motion for Enlargement of Time to File Answer to Complaint and Incorporated Memorandum of Law filed. |
| Mar. 25 | Received 03-24-99:<br>Order on Defendants' Motion for Enlargment of Time to File Answer to Complaint filed. (Brennan, J.)<br>It is hereby Ordered that Defendants' Motion is hereby GRANTED. Defendants deadline for filing their answer to Plaintiffs' Compalint is hereby extended to and including Thursday, April 8, 1999. |
| "      " | On 03-25-99:<br>Copy sent to Thomas Newman and John Campbell, Esqs. |
| Apr. 08 | Received 04-08-99:<br>Defendants' Motion for Enlargment of Time to File Answer to Complaint and Incorporated Memorandum of Law filed. |
| Apr. 13 | Received 04-09-99:<br>Order on Defendants' Motion for Enlargment of Time to File Answer to Complai filed. (Cole, J.)<br>It is hereby Ordered that Defendants' Motion is hereby GRANTED. Defendants' deadline for filing their answer to Plaintiffs' Complaint is hereby extended to and including Thrusday, April 22, 1999. |
| "      " | On 04-13-99:<br>Copies sent to Thomas C. Newman, Charles Piacentini, Jr. and John S. Campbel Esqs. |